**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
: 
In re : Chapter 11
 :
**24 HOUR FITNESS** : Case No. 20–11558
**WORLDWIDE, INC.**, *et al.*, :
 :
      Debtors.[1] : (Jointly Administered)
 :
---------------------------------------------------------------- x

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE PARTICIPATING IN EXISTING CASH MANAGEMENT SYSTEM, AND USING BANK ACCOUNTS AND BUSINESS FORMS, AND (B) CONTINUE INTERCOMPANY TRANSACTIONS, (II) PROVIDING ADMINISTRATIVE EXPENSE PRIORITY FOR POSTPETITION INTERCOMPANY CLAIMS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of 24 Hour Fitness Worldwide, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) continue using their existing cash management system, (b) maintain their existing business forms and bank accounts, (iii) continue their intercompany transactions, (iv) pay related prepetition obligations, and (b) and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS Fit Holdings LLC (3064); RS Fit CA LLC (7007); and RS Fit NW LLC (9372). The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the interim relief requested in the Motion; and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363(c) and 105(a) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the Petition Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding to other Debtor entities; and to make ordinary course changes to their Cash Management System.

3. The Debtors are authorized, but not directed, to continue using, in their present form (or as subsequently amended in accordance with this Interim Order), the Business

Forms, as well as checks (subject to paragraph 18 below) and other documents related to the Bank Accounts existing immediately before the Petition Date.

4.      Each of the Banks is authorized to (i) receive, process, honor, and pay all checks presented for payment and to honor all electronic funds transfer requests, including ACH transfer requests, made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5.      The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date.

6.      The Debtors are further authorized to: (i) designate, maintain, and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately before the Petition Date; (ii) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits; (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, consistent with the Debtors' historical practice; and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

7.      Each of the Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks

drawn on the Debtor's Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

8. The Debtors are authorized to open new bank accounts; provided that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on Appendix 1 to this Interim Order to the Motion; provided, further, that such opening of an account shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within fifteen (15) days to the U.S. Trustee, the DIP Agent, counsel to the Ad Hoc Crossholder Group, and counsel to any statutory committee appointed in these chapter 11 cases; provided, further, that the Debtors shall open any such new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such agreement.

9. Each Bank is authorized to accept and rely upon, without further inquiry, all representations from the Debtors as to which checks, drafts, wires, or ACH transfers are dated prior to, on or after the Petition Date and which checks are to be honored or dishonored, regardless of whether or not such payment or honoring is or is not authorized by an order of the Court. No Bank shall incur, and each Bank is hereby released from, any liability for relying upon any Debtor's instruction as to which checks, drafts, wires, or ACH transfers should be honored or

dishonored or for such Bank's inadvertence in honoring any check, draft, wire, or ACH transfer at variance from the Debtors' instructions unless such inadvertence constituted gross negligence or willful misconduct on the part of such Bank.  Each Debtor shall promptly provide a list of checks to each Bank for each Bank Account maintained at such Bank specifying, by check sequencing number, dollar amount, date of issue, and payee information, those checks that are to be dishonored by such Bank, which checks may include those issued after the Petition Date as well as those issued prior to the Petition Date that are not to be honored or paid according to any order of the Court, and each Bank may honor all other checks.  Except for those checks, drafts, wires, or ACH transfers that are authorized or required to be honored under an order of the Court, the Debtors shall not instruct or request any Bank to pay or honor any check, draft or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date.

10. Nothing contained herein shall prevent the Debtors from closing any Bank Account(s) as they may deem necessary and appropriate, to the extent consistent with the terms of any prepetition financing agreement and postpetition financing agreement and any order(s) of this Court relating thereto, any relevant Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give notice of the closure of any account within fifteen (15) days to the U.S. Trustee, the DIP Agent, counsel to the Ad Hoc Crossholder Group, and counsel to any statutory committee appointed in these chapter 11 cases.

11. Existing deposit agreements between the Debtors and their Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination

and fee provisions, shall remain in full force and effect, subject to any applicable provisions of the Bankruptcy Code.

12. Subject to the terms of that certain DIP Credit Agreement, the Debtors are hereby authorized to continue to engage in the Intercompany Transactions in the ordinary course of business.

13. Subject to the terms of the DIP Credit Agreement, pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, all valid payments on account of an Intercompany Transaction by (a) a Debtor to another Debtor or (b) a non-Debtor affiliate to a Debtor, shall in each case be accorded administrative expense status, subject and junior to the claims, including adequate protection claims, granted in connection with the DIP Facility in accordance with any DIP Order (as defined herein), except to the extent such Intercompany Transactions are on account of postpetition debt.

14. Notwithstanding anything to the contrary in this Interim Order, any payment made or to be made hereunder, and any authorization herein, shall be subject to the applicable requirements (if any) imposed on the Debtors under any order(s) of this Court approving any postpetition secured debtor-in-possession financing (any such order, a "**DIP Order**"), including, without limitation, any budget in connection therewith. In the event of any conflict between the terms of this Interim Order and a DIP Order, the terms of the applicable DIP Order shall control (solely to the extent of such conflict).

15. Subject to the terms of the DIP Credit Agreement, unless prohibited by applicable law, a transfer made by a Debtor to a non-Debtor affiliate pursuant to an Intercompany Transaction shall be deemed a claim against, and loan to, such non-Debtor affiliate (and not a

contribution of capital), except to the extent such Intercompany Transaction is on account of postpetition debt.

16. For any Bank at which the Debtors hold a Bank Account that is not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause such Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the entry of this Interim Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

17. For all Banks at which the Debtors maintain Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (i) contact each such Bank, (ii) provide each such Bank with each of the Debtor's employee identification numbers, and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a chapter 11 case.

18. The Debtors are authorized to use their existing pre-printed checks and business forms without alteration; provided that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided, further, that with respect to checks and business forms that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number, on such items within ten (10) business days after the date of entry of this Interim Order.

19. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

20. The Debtors shall have thirty (30) days (or such additional time as the U.S. Trustee may agree to) from the Petition Date within which to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee, and that such extension is without prejudice to the Debtors' right to request a further extension or waiver of the requirements of section 345(b) of the Bankruptcy Code.

21. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

22. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

23. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

24. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

25. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

26. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2020, at _____ (prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Ryan Preston Dahl, Esq., Kevin Bostel, Esq., and Kyle R. Satterfield, Esq.), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq.); (ii) counsel to the DIP Agent, Covington & Burling LLP, 620 Eighth Avenue, New York, New York 10018 (Attn: Ronald Hewitt); and (iii) counsel to the Ad Hoc Group, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: Daniel S. Shamah, Esq., Diana M. Perez, Esq., and Adam P. Haberkorn, Esq.) so as to be received by no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2020**.

27. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

28. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: _____, 2020
      Wilmington, Delaware

                                                UNITED STATES BANKRUPTCY JUDGE

## Appendix 1

### Bank Accounts

| | Entity | Bank Name | Account Number (XXXX) | Account Type |
|---|---|---|---|---|
| 1 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 6868 | Receipts Account |
| 2 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 7248 | Receipts Account |
| 3 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 5236 | Lockbox Account |
| 4 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 5244 | Lockbox Account |
| 5 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 1392 | Receipts Account |
| 6 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 9353 | Concentration Account |
| 7 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 0777 | Receipts Account |
| 8 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 3857 | Operating Account |
| 9 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 3881 | Receipts Account |
| 10 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 3899 | Disbursements Account |
| 11 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 3907 | Receipts Account |
| 12 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 4641 | Receipts Account |
| 13 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 9690 | Receipts Account |
| 14 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 9216 | Disbursements Account |
| 15 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 8456 | Disbursements Account |
| 16 | 24 Hour Fitness Worldwide, Inc. | Wells Fargo Corporate & Investment Banking | 7586 | Operating Account |

| | **Entity** | **Bank Name** | **Account Number (XXXX)** | **Account Type** |
|---|---|---|---|---|
| 17 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 1206 | Concentration Account |
| 18 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 1214 | Receipts Account |
| 19 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 0579 | Disbursements Account |
| 20 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 1507 | Disbursements Account |
| 21 | 24 Hour Fitness USA, Inc. | Bank of Hawaii | 2148 | Operating Account |
| 22 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 7157 | Restricted Cash |
| 23 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 8605 | Restricted Cash |
| 24 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 8613 | Restricted Cash |
| 25 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 5488 | Restricted Cash |
| 26 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 1520 | Restricted Cash |
| 27 | 24 Hour Fitness USA, Inc. | Wells Fargo Corporate & Investment Banking | 1272 | Restricted Cash |
| 28 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 1604 | Restricted Cash |
| 29 | 24 Hour Fitness Worldwide, Inc. | Fidelity Investments | 5081 | Investment Account |
| 30 | RS Fit Holdings LLC | Wells Fargo Corporate & Investment Banking | 5890 | Restricted Cash |