**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 24 HOUR FITNESS WORLDWIDE, INC, *et al.*,[1] | ) | Case No. 20-11558 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Related to Docket Nos. 17, 132, 136, 232** |

**REQUEST OF BRIXMOR OPERATING PARTNERSHIP LP, CENTENNIAL REAL ESTATE COMPANY, LLC, CENTERCAL PROPERTIES, LLC, CITIVEST COMMERCIAL INVESTMENTS, LLC, FEDERAL REALTY INVESTMENT TRUST, GS PACIFIC ER LLC, HOUSTON WILLOWBROOK LLC, PGIM REAL ESTATE, REALTY INCOME CORPORATION, SEVEN HILLS PROPERTIES 31, LLC, SHOPONE CENTERS REIT INC., STARWOOD RETAIL PARTNERS, LLC, AND THE MACERICH COMPANY FOR ADEQUATE PROTECTION**

Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, CenterCal Properties, LLC, Citivest Commercial Investments, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Houston Willowbrook LLC, PGIM Real Estate, Realty Income Corporation, Seven Hills Properties 31, LLC, ShopOne Centers REIT Inc., Starwood Retail Partners, LLC, and The Macerich Company (the "Landlords") hereby file this Request for Adequate Protection (the "Request") in response to the (1) *Motion of Debtors for Entry of Order (I) Extending Time for Performance of Obligations Arising Under Unexpired Non-Residential Real Property Leases, and (II) Granting Related Relief* [D.I. 132] (the "Extension Motion") and (2) *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS FIT Holdings LLC (3064); RS FIT CA LLC (7007); and RS FIT NW LLC (9372). The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

*Prepetition Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [D.I. 17] (the "DIP Motion"),[2] and respectfully represent as follows:

### I. BACKGROUND FACTS

1. On June 15, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3] No trustee or examiner has been appointed in the Chapter 11 Cases.

2. The Debtors lease retail space (the "Premises") from the Landlords pursuant to unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at the locations (the "Centers") set forth on the attached Schedule A.

3. Each Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On the Petition Date, the Debtors filed the DIP Motion seeking, *inter alia*, post-petition financing and a full roll-up of obligations held by the DIP Lenders under the Prepetition Secured Credit Facility and use of cash collateral on an interim and final basis. On June 16, 2020, the Court entered an Order granting interim relief on the DIP Motion, including

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Extension Motion and the DIP Motion, as applicable.

[3] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

approval of an Interim DIP Budget (the "Interim DIP Order").  While the Interim DIP Budget approved in connection with the Interim DIP Order may provide that sufficient funds will be available to pay any deferred lease obligations upon the expiration of the Extension Period on August 14, 2020 (or as early as the week ending July 10, 2020 in connection with the Final DIP Hearing (defined below)), the Debtors have not committed to make those payments and may not have the authority to do so if an event of default occurs before that time. One of the milestones under the Debtors' DIP financing requires entry into a Restructuring Support Agreement by no later than August 9, 2020. If the Debtors should fail to reach such an agreement with their lenders by this date, the Debtors face administrative insolvency upon that event of default, and the payment of the deferred lease obligations will be in jeopardy.  The DIP Motion is set for final hearing on July 14, 2020 at 11:00 a.m. prevailing Eastern Time (the "Final DIP Hearing").

5. On June 16, 2020, the Debtors also filed the Extension Motion seeking, *inter alia*, an extension of the time for the Debtors' timely performance their obligations arising under their leases within 60 days of the Petition Date (the "Deferred Lease Obligations") through and including August 14, 2020 (the "Extension Period"), and the imposition of an automatic stay on any pleadings or motions seeking relief from the automatic stay or to compel the rejection, assumption or assignment of any lease with the Debtors, regardless of whether such pleadings or motions seek relief unrelated to obligations that have been suspended during the Extension Period.

6. On June 23, 2020, Landlords filed the *Objection of Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, CenterCal Properties, LLC, Citivest Commercial Investments, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Houston Willowbrook LLC, PGIM Real Estate, Realty Income Corporation, Seven Hills Properties 31,*

*LLC, ShopOne Centers REIT Inc., Starwood Retail Partners, LLC, and The Macerich Company to the Motion of Debtors for Entry of Order (I) Extending Time for Performance of Obligations Arising Under Unexpired Non-Residential Real Property Leases, and (II) Granting Related Relief* [D.I. 232] (the "Objection").

7. A hearing on the Extension Motion and the Objection is scheduled for July 1, 2020 at 3:30 p.m. (ET).

## II. REQUEST FOR ADEQUATE PROTECTION

8. If the Bankruptcy Court is inclined to grant the Extension Motion, the Bankruptcy Code requires the Debtors to make certain minimum payments and provide adequate protection to the Landlords during the Extension Period.

9. Section 363(e) provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, *the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest*. . . .

11 U.S.C. § 363(e) (emphasis supplied).

10. Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the Debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); In re Worldcom, 304 B.R. 611 (Bankr. S.D.N.Y. 2004); see also In re Metromedia Fiber Network, Inc., 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary . . . ."). The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." Russello v. U.S., 464 U.S. 16, 21 (1983).

11. A landlord undeniably holds an interest in property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. Thus, courts uniformly have held that Section 363(e) grants landlords rights to adequate protection. See Matter of Cont'l Airlines, Inc., 154 B.R. 176, 180 (Bankr. D. Del. 1993) (finding that adequate protection is available under § 363(e) for a decrease in value due to the use, sale, *or lease* of an entity's interest in property) (emphasis added); In re Ames Department Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of Store Closing Sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations"); In re P.J. Clarke's Rest. Corp., 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of Section 363(e)"); In re Ernst Home Center, Inc., 209 B.R. 955, 966-67 (Bankr. W.D. Wash. 1997) (finding that adequate protection is available to real property lessors under Section 363(e)); In re RB Furniture, Inc., 141 B.R. 706, 713-14 (Bankr. C.D. Cal. 1992) (adequate protection under Section 363(e) may even be broader than the rights encompassed under Section 365(d)(3), given it "is a fluid concept that reflects all the circumstances surrounding a debtor's use of property"). Thus, Landlords are entitled to adequate protection.

12. The plain language of section 361 of the Bankruptcy Code dictates that adequate protection may take one of three forms: a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code[4]) amounting

---

[4] Section 361(3) makes clear that adequate protection may not take the form of a deferred administrative claim.

to the indubitable equivalent of the protected party's interest in the property. See 11 U.S.C. § 361; In re Kellstrom Indus., Inc., 282 B.R. 787, 794 (Bankr. D. Del. 2002).

13.   Landlords are entitled to adequate protection pursuant to sections 363(e) and 361 of the Bankruptcy Code during the Extension Period and, as adequate protection, the Debtors are required to provide the Landlords more than a deferred administrative claim. Under section 361 of the Bankruptcy Code, only a contemporaneous transfer of value satisfies the requirements of adequate protection.

14.   Certain the Debtors' locations are open and operating and the majority of the Debtors' locations will be open by the end of June. Even for the minority of locations that remain closed during the Extension Period, the Debtors' property is being stored at the Premises, and Landlords are coming out of pocket for the payment of expenses such as taxes, common area maintenance, utilities, and insurance (the "Hard Costs"). Currently, Landlords are acting as involuntary, unsecured, post-petition, interest-free lenders to the Debtors. No other administrative claimants are placed in this same position. Thus, to protect Landlords' interests, Landlords are entitled to immediate payment of a reasonable rate for the storage costs for the months of July and August, as well as for Debtors' use and occupancy from the Petition Date through the end June (the "June Stub Rent"). Landlords propose that the reasonable rate for the storage costs should equal approximately 50% of the Base Rent (as defined in the Objection) under the Leases.

15.   In addition, Landlords request that the Debtors pay the real estate taxes, utilities, and insurance obligations due under the Leases for the months of July and August, as well as for the June Stub Rent period. Landlords should not have to bear the risk of administrative insolvency for these basic Hard Costs under the Leases. As reflected in the

Objection, these Hard Costs can range between 15-50% of the total monthly lease obligations arising under the Leases per month.

16.    Going forward, the Landlords are entitled to the same reasonable rate of monthly storage costs and periodic payments for the Hard Costs for the duration of the Extension Period.  To the extent that the Debtors resume operations at any of the Premises, the Debtors should be required to immediately resume payment in full of the amounts due under the Leases for all rents and charges.

### III.    RESERVATION OF RIGHTS

17.    Landlords reserve the right to amend and/or supplement this Request and to raise any additional adequate protection requests at any hearing on the Extension Motion and DIP Motion.  Landlords also reserve all rights regarding the allowance of their administrative expense claims arising during the Extension Period or otherwise.

### IV.    CONCLUSION

Based on the foregoing, Landlords respectfully request that the Court enter an order: (I) granting them adequate protection in the form of: (a) immediate payment of monthly storage costs for the months of July and August, as well as for the June Stub Rent (in the amount of approximately 50% of the Base Rent obligations under the Leases); (b) periodic payments for the real estate taxes, utilities, and insurance for the months of July and August, and for the June Stub Rent period; (c) the same monthly storage costs and periodic payments for the duration of the Extension Period on a going forward basis; (d) payment of all rents and other charges upon resumption of operations at the Premises; and (II) granting such other and further relief as the Court deems just and proper.

Dated: June 29, 2020  
Wilmington, Delaware

Respectfully submitted,

*/s/ Laurel D. Roglen*  
Leslie C. Heilman, Esquire (No. 4716)  
Laurel D. Roglen, Esquire (No 5759)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
E-mail: heilmanl@ballardspahr.com  
        roglenl@ballardspahr.com

and

Dustin P. Branch, Esquire  
BALLARD SPAHR LLP  
2029 Century Park East, Suite 800  
Los Angeles, CA 90067-2909  
Telephone: (424) 204-4354  
Facsimile: (424) 204-4350  
E-mail: branchd@ballardspahr.com

and

Craig Solomon Ganz, Esquire  
BALLARD SPAHR LLP  
1 East Washington Street, Suite 2300  
Phoenix, AZ 85004-2555  
Telephone: (602) 798-5427  
Facsimile: (602) 798-5595  
E-mail: ganzc@ballardspahr.com

*Attorneys for Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, CenterCal Properties, LLC, Citivest Commercial Investments, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Houston Willowbrook LLC, PGIM Real Estate, Realty Income Corporation, Seven Hills Properties, LLC, ShopOne Centers REIT Inc., Starwood Retail Partners, LLC, and The Macerich Company*

## SCHEDULE A

| | | |
|---|---|---|
| **BRIXMOR OPERATING PARTNERSHIP LP** | | |
| Store No. 695 | Baytown Shopping Center | Baytown, TX |
| Store No. 98 | Carmen Plaza | Camarillo, CA |
| Store No. 313 | Clear Lake Camino South | Houston, TX |
| Store No. 672 | Jester Village | Houston, TX |
| Store No. 301 | Orange Grove | Houston, TX |
| Store No. Unknown | Suffolk Plaza | East Setauket, NY |
| **CENTENNIAL REAL ESTATE COMPANY, LLC** | | |
| Store No. Unknown | MainPlace Mall | Santa Ana, CA |
| **CENTERCAL PROPERTIES, LLC** | | |
| Store No. Unknown | The Collection at RiverPark | Oxnard, CA |
| **CITIVEST COMMERCIAL INVESTMENTS, LLC** | | |
| Store No. Unknown | Alemany Blvd. | San Francisco, CA |
| Store No. Unknown | Temecula Town Center | Temecula, CA |
| **FEDERAL REALTY INVESTMENT TRUST** | | |
| Store No. Unknown | Olivo at Mission Hills | Mission Hills, CA |
| Store No. Unknown | San Antonio Center | Mountain View, CA |
| **GS PACIFIC ER LLC** | | |
| Store No. Unknown | Eastridge Center | San Jose, CA |
| **HOUSTON WILLOWBROOK LLC** | | |
| Store No. Unknown | Willowbrook | Houston, TX |
| **PGIM REAL ESTATE** | | |
| Store No. Unknown | Annapolis Town Center | Parole, MD |
| Store No. Unknown | The MET | Costa Mesa, CA |
| Store No. Unknown | Woodmore Towne Centre at Glenarden | Glenarden, MD |
| **REALTY INCOME CORPORATION** | | |
| Store No. Unknown | 9919 W. Oak Park Blvd. | Sunrise, FL |
| Store No. Unknown | 1265 NW Waterhouse Ave. | Beaverton, OR |
| **SEVEN HILLS PROPERTIES 31, LLC** | | |
| Store No. Unknown | 465 W. Arlington | Gladstone, OR |
| **SHOPONE CENTERS REIT INC.** | | |
| Store No. 198 | McKinley Crossroads | Corona, CA |
| **STARWOOD RETAIL PARTNERS LLC** | | |
| Store No. Unknown | Belmar | Lakewood, CO |
| Store No. Unknown | Capital Mall | Olympia, WA |
| Store No. Unknown | Solano Town Center | Fairfield, CA |
| **THE MACERICH COMPANY** | | |
| Store No. Unknown | Green Acres Mall | Valley Stream, NY |
| Store No. Unknown | Lakewood Center | Lakewood, CO |
| Store No. Unknown | Pacific View | Ventura, CA |

2