IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC., *et al.*, | Case No. 20-11558 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: July 22, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: July 29, 2020 at 10:00 a.m. (ET)** |

**VERIFIED MOTION OF HARRY PROVOST, III**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Harry Provost, III ("Movant"), by his undersigned counsel, respectfully requests entry of an order pursuant to 11 U.S.C. § 362(d) granting relief from the automatic stay of 11 U.S.C. § 362(a) so that he may proceed with his pending personal injury litigation in the United States District Court for the Southern District of Texas, Civil Action No. 4:17-CV-2271 (the "SD Texas Action") filed against Debtor 24 Hour Fitness USA, Inc. (the "Defendant Debtor") nearly three years prior to the commencement of the captioned bankruptcy cases. Movant seeks relief from the automatic stay to: (1) fully prosecute the claims pending in the SD Texas Action for the purpose of liquidating the amount of his claims against the Defendant Debtor; (2) to collect on any judgment entered in his favor against any available insurance proceeds under any applicable liability insurance; and (3) to file a proof claim in a liquidated amount in the Defendant Debtor's bankruptcy case to the extent Movant's claims are not satisfied in full by available insurance proceeds. In support of the relief requested herein, Movant respectfully states as follows:

**PROCEDURAL BACKGROUND**

1. On or about June 15, 2020, the above-captioned Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

37180951.2.docx

2. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. On the issue of jurisdiction, however, Movant submits that pursuant to 28 U.S.C. § 157(b)(5) the Court lacks subject matter jurisdiction over the personal injury claims asserted by Movant in the SD Texas Action.

3. Venue of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; but Movant further submits that venue of the personal injury claims asserted by Movant in the SD Texas Action is not proper in this Court.

## THE SD TEXAS ACTION

4. On June 29, 2017, Movant commenced the SD Texas Action by filing his Original Petition against the Defendant Debtor in the 127th Judicial District Court of Harris County, Texas, Cause No. 2017-43399.

5. On July 26, 2017, the Defendant Debtor removed the SD Texas Action to the United States District Court for the Southern District of Texas (the "Southern District of Texas").

6. On November 29, 2017, March 9, 2018, July 7, 2018, and January 8, 2019, Movant filed amended complaints in the SD Texas Action. A true and correct copy of *Plaintiff's Fourth Amended Complaint* dated and filed on January 8, 2019 is attached as **Exhibit A**. (the "4th Amended Complaint").

7. In the SD Texas Action Movant's allegations include:

(a) "It has become necessary to bring this suit because of the painful and permanent injuries sustained by [Movant] on February 6, 2017 while participating in physical fitness using a Smith Machine at [Defendant Debtor's] facility located at 11528 Gulf Freeway, Houston, Texas 77034" (4th Amended Complaint at ¶ 30);

(b) "Plaintiff had placed the bar into the lockout position when it failed and struck him at the C6-7 level of his neck and rendered him a quadriplegic" (*Id.*);

(c) "[Defendant Debtor] had knowledge and consent that [Movant] worked out at its facility and therefore an invitee on the premises" (*Id.*).

(d) "The [Defendant Debtor] had the duty to maintain its equipment in a good and safe condition. The Flex Smith Machine in question was old and not properly maintained or secured to the floor, and should have been replaced long before the event made the basis of this lawsuit. In addition, the machine was out of balance which was a condition not easily recognizable by Plaintiff, and in fact, a concealed defect of the machine" (4th Amended Complaint at ¶ 32).

8. Movant has brought negligence and premises liability causes of action against the Defendant Debtor.

9. Movant's cause of action against the only other defendant remaining in the SD Texas Action at this time, Unisen, Inc. (the "Manufacturing Defendant"), the manufacturer of the equipment involved in the incident resulting in Movant's injuries, is for products liability.

10. Movant seeks damages in excess of $50 million against the Defendant Debtor and the Manufacturing Defendant for past and future medical expenses and needs, loss of future income and "mental and physical pain and suffering, mental anguish, physical impairment, disfigurement, loss of household services and loss of capacity to perform household services, all of which are in reasonable probability permanent" (4th Amended Complaint at ¶¶ 32-37 and 54).

11. Movant has requested a jury trial in the SD Texas Action.

12. The Defendant Debtor filed an answer to the 4th Amended Complaint. The Defendant Debtor also filed a motion for summary judgment seeking judgment as a matter of law

on issues relating to the merits on waiver and release, negligence and premises liability, which motion was denied by the Southern District of Texas. There are no motions for dismissal or summary judgment pending in the SD Texas Action.

13. The Defendant Debtor has participated along with all other defendants in discovery and other pre-trial activity. All fact discovery has been completed in the SD Texas Action. The only discovery remaining relates to expert witnesses.

14. All of the witnesses in connection with disputed issues of fact are located in the Houston, Texas area. Movant has several expert witnesses on both liability and damages issues, on of which is located in California with the others located in Texas.

15. Prior to the Petition Date the Southern District of Texas had set a trial date for the SD Texas Action for October 2020. Movant estimates that trial of the SD Texas Action against both the Defendant Debtor and the Manufacturing Debtor would take from 1 to 2 weeks.

16. The injuries suffered by Movant due to the defendants' negligent and other wrongful actions have rendered him a quadriplegic, a condition which makes it difficult if not impossible for Movant to travel outside of the Houston, Texas area, where he currently resides and resided at the time of the incident at the Defendant Debtor's club resulting in his catastrophic injuries.

17. Movant has not yet filed a Proof of Claim in the captioned bankruptcy cases, and to do so other than with a claim amount of "unliquidated" Movant's claims must be liquidated in the appropriate non-bankruptcy forum.

18. Movant understands, on information and belief, that the Defendant Debtor has liability insurance that covers the Movant's claims. There is a self-insured retention amount of $500,000 relating to such insurance policies (the "SIR"). The SIR is depleted by defense costs

and/or indemnity payments, and, on information and belief, Movant submits that approximately $300,000 has been paid by the Defendant Debtor toward defense costs in the SD Texas Action to date, which reduces the net amount of the SIR.

19. The Southern District of Texas has requested from the parties to the litigation a report by July 15, 2020 with respect to the impact on the SD Texas Action of the bankruptcy filing. Movant intends to respond to the Southern District of Texas and advise that he has filed this motion and otherwise will vigorously seek relief from the automatic stay to allow the SD Texas Action to proceed.

### **REQUESTED RELIEF; AUTHORITIES AND ARGUMENT IN SUPPORT**

20. Movant seeks relief from the automatic stay so that he may proceed against the Defendant Debtor in the SD Texas Action for the purpose of (i) liquidating his claims against the Defendant Debtor through judgment and any and all appeals therefrom, (ii) to collect with respect to any judgment obtained against the Defendant Debtor from available insurance proceeds, and (iii) to file a proof of claim in these bankruptcy cases with liquidated claim amounts in order to share in distributions from the estate in the event available insurance is insufficient to fully satisfy Movant's claims. Movant submits that the facts and circumstances here warrant relief from the automatic stay to allow the SD Texas Action to proceed.

21. First, it is clear that this Court is not the appropriate forum for adjudication of Movant's personal injury claims. Title 28, section 157(b)(5) of the United States Code provides that district courts, which, pursuant to 28 U.S.C. § 1334 have original and exclusive jurisdiction over bankruptcy cases and original (but not exclusive) jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11":

> [S]hall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the

district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

22. Movant's claims already are pending, and are nearly ready for trial, in the SD Texas Action, in the Southern District of Texas. Movant submits such circumstances alone constitute grounds for relief from the automatic stay of section 362(a) of the Bankruptcy Code and that it is within this Court's authority to grant relief from the automatic stay to allow Movant's personal injury claims, already pending in "the district in which [they] arose," to proceed in the Southern District of Texas as contemplated by 28 U.S.C. § 157(b)(5).

23. The automatic stay "is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations omitted) ("*Rexene*") (citation omitted). In circumstances such as exist here, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977).

24. Section 362(d) of the Bankruptcy Code provides that at the request of an interested party, the court shall grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define cause, but courts are given broad discretion to provide appropriate relief from the automatic stay based upon the "totality of the circumstances in each particular case." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (citation omitted); *see also Rexene*, 141 B.R. at 576 ("Cause is not defined in the Code; it must be 'determined on a case-by-case basis.'") (citations omitted).

25. A party moving for relief from the automatic stay has the initial burden of showing cause. *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Upon such a showing, parties opposing relief have the burden to disprove the existence of cause. 11 U.S.C. § 362(g)(2).

26. One of the primary purposes of granting stay relief to continue underlying litigation is to "economize judicial resources," *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990), and avoid "unnecessary, duplicative litigation." *Rexene*, 141 B.R. at 577 (Bankr. D. Del. 1992). *Accord Peerless Insurance Co. v. Rivera (In re Annie's Inc.)*, 208 B.R. 313, 317-18 (D.R.I. 1997) (relief from stay to allow a declaratory judgment action to continue would promote the "fair and efficient administration of justice").

27. As set forth above, Movant submits this Court's inability to adjudicate Movant's personal injury claims and the pendency of the SD Texas Action alone constitute sufficient cause for relief from stay. In addition, Movant submits cause exists under the traditional test used in this Court in considering stay relief requests to allow non-bankruptcy litigation to proceed. This Court has identified three criteria (the "*Rexene Standard*") that courts should consider in determining whether to grant relief from the automatic stay:

    (1)    Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

    (2)    Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

    (3)    The probability of the creditor prevailing on the merits.

*Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing *Rexene*, 141 B.R. at 576); *see also Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.)*, 267 B.R. 516, 523 (Bankr.

D. Del. 2000); *Am. Airlines v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993).

28. Further, the "legislative history indicates that cause may be established by a single factor." *Rexene*, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300). Nevertheless, each of the Rexene Standards weighs in favor of granting relief from stay as requested here.

**No Great Prejudice Will Occur to the Debtors or Their Estates**

29. Allowing Movant to pursue his personal injury claims in the SD Texas Action will not cause any great prejudice to the Debtors' bankruptcy estates or to the Debtors for several reasons including, without limitation: (i) the Defendant Debtor had been actively litigating the SD Texas Action for three years prior to bankruptcy, including filing motions for summary judgment (which were denied) and participating n discovery, (ii) on information and belief, the Defendant Debtor has insurance covering the Movant's claims; (iii) the SD Texas Action was close to trial when these bankruptcy cases were filed; (iv) on information and belief, none of the witnesses are likely to be involved in the Debtors' reorganization efforts in these bankruptcy cases; (v) the Movant's claims will have to be litigated and reduced to a liquidated amount in connection with these bankruptcy cases at some time; and (vi) Debtors can have no reasonable expectation that Movant's claims can be adjudicated by this Court in connection with these bankruptcy cases.

30. Under the typical liability policy for tort claims, the debtor does not have a cognizable interest in the proceeds of the policy; rather, those proceeds are payable for the benefit of those harmed by the debtor under the terms of the insurance contract. *In re 15375 Memorial Corp.*, 382 B.R. 652, 688 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("Neither the Third Circuit nor this Court appears to have squarely addressed the question

of whether a debtor ordinarily has a property interest in the proceeds of liability insurance that constitutes property of the estate under section 541(a) of the Bankruptcy Code protected by the automatic stay, but the limited body of case law in this Circuit addressing analogous issues suggests that the Third Circuit will follow the reasoning of Edgeworth and its progeny."). *See In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993). *See also Sosebee v. Steadfast*, 701 F.3d 1012, 14 (5th Cir. 2012) ([L]iability insurance proceeds are generally not property of the bankruptcy estate."). .").

31. "The estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." *First Fid. Bank v. McAteer*, 985 F.2d 114, 117 (3rd Cir. 1993). The proceeds of the policies in this case are payable not to the debtors but to tort victims like Movant, and so cannot be part of the bankruptcy estate. *See In re Allied Digital Technologies Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (finding that policy proceeds are part of the estate only when they are payable to the debtor). Accordingly, Movant's recovery from insurance policy proceeds will not affect the bankruptcy estate.

32. Further, that the Defendant Debtor was paying its defense costs in the SD Texas Action and might have to pick up such costs going forward is not prejudice warranting denial of stay relief. *See, e.g.*, *In re Day*, No. 03-21443, 2004 WL 2191632, *2 (Bankr. S.D. Ga. Jan. 29, 2004) ("This Court notes its agreement with the line of cases where courts have held that, 'the cost of defending litigation, by itself, has not been regarded as constituting 'great prejudice,' precluding relief from the automatic stay.'"); *see also In re Terry*, 12 B.R. 578, 582 (Bankr. E.D. Wis. 1981)

(rejecting the proposition that a debtor's incurring the costs of its own defense should preclude lifting the stay or results in "great prejudice" to the debtor).[1]

33.     Debtors will not be placed under any "undue hardship" if they are required to defend the SD Texas Action in the Southern District of Texas.  Indeed, the type of "hardship" that might weigh against relief from the stay must extend beyond that which the Debtors already face simply by virtue of being sued for their negligent conduct.  *See In re Keene Corp.*, 171 B.R. 180, 185 (Bankr. S.D.N.Y. 1994) (explaining that the debtor did not demonstrate any hardship or "great prejudice" with respect to the increased cost of litigating in two forums because the debtor failed to demonstrate that the claim could be liquidated more economically in bankruptcy court than in state court); *see also Matter of Rabin*, 53 B.R. 529, 531-32 (Bankr. D.N.J. 1985) (finding no great prejudice to debtor to permit action to proceed in state court where movant's claims would have to be liquidated either in state court or the bankruptcy court and, in either instance, the debtor would have to defend the action).

34.     Here, regardless of where, Movant's claims must be adjudicated.  Thus, defending against the claims in the SD Texas Action is not an undue "hardship" for the Debtors.  And, if there are insufficient insurance proceeds to cover Movant's claims in full, Movant will return to this Court for the purposes of filing a liquidated proof of claim and seeking distribution on any unpaid portion of such claim in these cases.

---

[1] The Defendant Debtor's insurers have the right under their policies, at their cost and expense, to defend the Defendant Debtor in the SD Texas Action.  In such event any arguable prejudice to the Defendant Debtor based on the incurrence of defense costs goes away.  *See In re OES*, 319 B.R. 266, 269 (Bankr. M.D. Fla. 2004) (holding that "cause" existed to lift stay as to tort victim who sought to proceed against debtor-tortfeasor in state court for purpose of recovering from tortfeasor's insurer since insurer was obligated to defend and indemnify the debtor for the portion of any judgment or settlement and thus continuation of the action would not prejudice the debtor).

***Movant Will Suffer Great Prejudice if Relief From Stay is Not Granted***

35. The harm to the Movant by maintenance of the stay is manifest, and considerably outweighs the prejudice, if any, to the Debtors and their estates.

36. The SD Texas Action was nearing its completion when these bankruptcy cases were commenced. Given the time, expense and effort already put into the SD Texas Action and the catastrophic, but as yet uncompensated, injuries suffered by the Movant, any significant delay in the relief to which he is entitled causes great prejudice to him.

37. In contrast, to "stall the discovery process and possibly jeopardize some of the work that has already been done . . . would unnecessarily burden" Movant. *See Horn*, 2012 WL 1978287 at *3. Furthermore, "prompt adjudication of the [action] will assist in the resolution of this bankruptcy proceeding." *Id.*

38. The parties in the SD Texas Action have been engaging in discovery and other pre-trial activity for three years and, prior to commencement of these bankruptcy cases, were scheduled for a trial in October 2020. Movant suffered severe personal injuries as a result of the Debtors' negligence and any unnecessary delay of his case furthers the hardships placed on him as a result of those yet uncompensated injuries.

39. Further, Movant has requested a jury trial in the SD Texas Action, and is constitutionally entitled to one. This right is expressly reserved to litigants otherwise caught up in bankruptcy proceedings. *See* 28 U.S.C. § 1411(a).

40. Additional hardship would impact the Movant and his counsel in the SD Texas Action should they be required to travel with their witnesses and documents to litigate a cause of action which arose in Houston, Texas. At a very basic level, the injuries suffered by the Movant, rendering him a quadriplegic, makes it more difficult for him to travel (whether a short or long

distance, by air or otherwise). In contrast, the Defendant Debtor would endure minimal hardship by continuing and completing the SD Texas Action where it does business and where it already had been actively litigating.

41. Moreover, with respect to the Defendant Debtor, the SD Texas Action is principally a premises liability and negligence case involving mostly lay witnesses which would not divert parties critical to these bankruptcy proceedings from their duties in these chapter 11 cases.

42. Movant also would be prejudiced if forced to proceed against the Manufacturing Defendant in the absence of the Defendant Debtor. Proceeding against them separately produces the possibility of inconsistent determinations on common issues of fact and law and would produce a scenario in which, in separate proceedings, the Defendant Debtor and the Manufacturing Defendant could each in turn blame the absent defendant for Movant's injuries and thus create a scenario in which justice could be unjustly denied to the Movant.

43. Finally, the Southern District of Texas provides both the most appropriate, and most convenient, forum for adjudication of Movant's personal injury claims. The Southern District of Texas' familiarity with the case is gained from the three year pendency of the case in that court. The Southern District of Texas also clearly would have the necessary expertise in Texas personal injury, premises liability, products liability, and insurance law, which Movant assumes it analyzes and applies constantly in matters pending before it situate as it is in Houston, Texas. Moreover, the Southern District of Texas is the forum in which the Defendant Debtor actively does business and is subject to suit, in which the Movant resides, and where the Movant's injury occurred.

***Movant Has a Very Clear Probability of Success on the Merits in the SD Texas Action***

44. Although Movant need not do so he nevertheless can satisfy all three Rexene Standards including that there is a strong possibility of success on the merits of his claims in the SD Texas Action.

45. This Court has explained that "the required showing" for this criterion is "very slight," *Rexene*, 141 B.R. at 577, and that the non-bankrupt party need only show that "their claim is not frivolous." *Levitz Furniture Inc.*, 267 B.R. at 523. "Even a slight probability of success on the merits" is sufficient to support relief from the automatic stay in an appropriate case. *In re Cont'l Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993).

46. The 4th Amended Complaint alleges non-delegable duties to provide safe premises and equipment to its club members, negligent acts in connection with the equipment maintained and used at the premises, and damages for the catastrophic injuries sustained by Movant as a result.

47. No motion to dismiss or for summary judgment is pending with respect to such claims and the parties have litigated the case for three years, having complete fact discovery.

48. Clearly, Movant has a probability of success on his claims sufficient to satisfy the *Rexene* Standard.

49. In sum, Movant seeks relief from the automatic stay because the harm to him should the automatic stay continue to be imposed upon him by a Court that cannot adjudicate his claims greatly exceeds the harm, if any, to the Defendant Debtor if the stay is lifted.

50. In addition, because there is no reason for further delay, and the issues here are not novel or complex, Movant submits that an automatic stay of any order entered in respect of this motion is not warranted or otherwise necessary and, thus, Movant requests waiver of the 14 day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3).

WHEREFORE, Movant respectfully requests the Court to enter an Order granting him relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code to allow him to (1) fully prosecute the SD Texas Action against the Defendant Debtor to completion, including through judgment and any and all appeals, (2) collect on any judgment entered in his favor against any available insurance proceeds under the applicable insurance policy, and (3) file a proof of claim in these bankruptcy cases in liquidated amounts based on the results of the SD Texas Action. Movant further requests such other relief as is just and equitable.

Dated: July 15, 2020                             **SAUL EWING ARNSTEIN & LEHR LLP**

                                                By:  */s/ John D. Demmy*
                                                     John D. Demmy (DE Bar No. 2802)
                                                     1201 N. Market Street, Suite 2300
                                                     P.O. Box 1266
                                                     Wilmington, DE 19899
                                                     Telephone:  (302) 421-6848
                                                     Facsimile:  (302) 421-5881
                                                     john.demmy@saul.com

                                                     *Attorneys for Harry Provost, III*

## VERIFICATION

I, Alton C. Todd, Esquire, hereby verify that I am the principal of The Law Firm Of Alton C. Todd, 312 S. Friendswood Drive, Friendswood, TX 77546, and am counsel for Harry Proctor, III, in the litigation captioned Harry Proctor, III v. 24 Hour Fitness U.S.A., Inc., Civil Action No. 4:17-CV-2271 pending in the United States District Court for the Southern District of Texas, and further hereby verifies that the facts set forth in Paragraphs 4 through 19 of the foregoing Motion are true and correct to the best of my knowledge, information, and belief.

This verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

_____
Alton C. Todd, Esquire

Dated: July 15, 2020