**EXHIBIT A**


**4th Amended Complaint**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY PROVOST, III, | § | |
|      Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2271 |
| | § | |
| 24 HOUR FITNESS USA, INC. | § | |
|      Defendant. | § | |

## **PLAINTIFF'S FOURTH AMENDED COMPLAINT**

COMES NOW, before this Honorable Court, HARRY PROVOST, III, Plaintiff herein, and in this Fourth Amended Complaint respectfully asserts the following claims against the Defendants in this matter, 24 HOUR FITNESS USA, INC., (hereinafter referred to as "Defendant 24 Hours"), CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC (hereinafter referred to as "Defendants Core Health"), STAR TRAC (hereinafter referred to as "Defendant Star"), UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, and UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, and UNISEN, INC. d/b/a STAR TRAC, INC. (hereinafter referred to collectively as "Defendants UNISEN"), Defendant FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC. and FLEX FITNESS, INC. (hereinafter referred to as Defendants Flex Fitness), Defendant STAR TRAC STENGTH, INC. and Defendant STAR TRAC HEALTH & FITNESS, INC. (hereinafter referred to as Defendants STAR TRAC HEALTH), Defendant MCB ACQUISITIONS, INC. and Defendant MCB HOLDINGS, LLC (hereinafter referred to as Defendants MCB), and MICHAEL

1

BRUNO (hereinafter referred to as Defendant BRUNO), hereinafter collectively referred to as Defendants, and for cause of action would show this Honorable Court the following:

## I. INTRODUCTION

1.    Plaintiff, Harry Provost, III originally filed his Original Petition on June 29, 2017 in the 127th Judicial District Court of Harris County, Texas, Cause No. 2017-43399 against Defendant 24 Hour Fitness USA, Inc.  Defendant 24 Hour Fitness USA, Inc. was served with Plaintiff's Original Petition on July 6, 2017, by serving its attorney of record. Defendant 24 Hour Fitness USA, Inc. timely filed responsive pleadings. On July 26, 2017 Defendant 24 Hour filed a Notice of Removal before this Court. In order to clarify his claims herein, add new Defendants, and to place this case before the Court in proper Federal Procedure form, Plaintiff filed his Amended Complaint on November 29, 2017. Plaintiff filed his Second Amended Complaint on March 9, 2018, and his Third Amended Complaint on July 7, 2018. Plaintiff comes now and files this, his Fourth Amended Complaint.

## II. JURISDICTION AND VENUE

2.    The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest and there is complete diversity of citizenship between Plaintiff and Defendants.

3.    As stated, *supra,* this case was removed to this Court from the 127th Judicial District Court of Harris County, Texas, Cause No. 2017-43399, and bearing the same style as does this case. Thus far, the case has proceeded upon Plaintiff's last filing in the state court from which it was removed, Plaintiff's Original Petition. Plaintiff's Amended Complaint served to clarify Plaintiff's claims and place this case in proper Federal Procedure form to allow for this Court's full and complete resolution thereof. Plaintiff's Second, Third Amended Complaints clarified

2

Plaintiff's allegations and DTPA Claim against Defendant 24 Hour Fitness USA, Inc. Plaintiff's

Fourth Complaint introduces newly identified Defendants as to the designer, manufacturer and

seller of the Flex Smith Machine involved in the incident made the basis of this lawsuit.

4.      Plaintiff's rights and remedies arise under the common and statutory laws of the State of

Texas.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1391(a)(2) & (3), as:

all of the events giving rise to this controversy occurred within Harris County, which lies within

the jurisdictional limits of this Houston Division of the Southern District of Texas; Defendants

do substantial business within said county and division; all property at issue lies within said

county and division; all contracts at issue herein were performed within said county and division;

and all of the documents, and physical and other evidence, relevant to this matter were created

and are preserved and maintained within said county and division.

5.      Once again, Defendant 24 Hour Fitness USA, Inc. removed this cause to this Court.

### III. PARTIES

6.      Plaintiff, Harry Provost, III, is a resident citizen of Houston, Harris County, Texas.

7.      Defendant, 24 Hour Fitness USA, Inc. is a foreign corporation doing business in the State

of Texas and has filed an Answer and appeared in this litigation.

8.      Defendant, Core Health & Fitness, LLC is a Nevada limited Liability Corporation doing

business in the State of Texas and has filed an Answer and appeared in this litigation.

9.      Defendant, Core Health & Fitness, LLC d/b/a Star Trac is a limited liability corporation

doing business in the State of Texas, and was previously served with this lawsuit by serving its

registered agent, but has not filed an Answer. As such, Defendant Core Health & Fitness, LLC

d/b/a Star Trac may be served with summons and a copy of this Fourth Amended Complaint by

3

serving its registered agent: Business Filings Incorporated, 701 South Carson St., Ste. 200, Carson City, Nevada, 89701, or wherever it may be found.

10.     Defendant Core Health & Fitness, LLC d/b/a Star Trac Fitness is a company doing business in the State of Texas and may be served with summons and a copy of this Fourth Amended Complaint by serving Reed Brown who is an officer of Core Health & Fitness, LLC at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

11.     Defendant Core Industries, Inc. is a company doing business in the State of Texas and may be served with summons and a copy of this Fourth Amended Complaint by serving Reed Brown who is an officer of Core Industries, Inc. at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

12.     Defendant Core Industries, LLC is a company doing business in the State of Texas and may be served with summons and a copy of this Fourth Amended Complaint by serving Reed Brown who is an officer of Core Industries, LLC. at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

13.     Defendant, Star Trac, was a California business entity that merged into Unisen, Inc. and pursuant to Cal.C.C.P. § 416.10(b) may be served with citation and a copy of this complaint by serving Reed Brown who is or was an officer of Unisen, Inc. at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

14.     Defendant Unisen, Inc. is a California business entity and pursuant to Cal. C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown who is or was an officer of Unisen, Inc. at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

4

15.     Defendant Unisen, Inc d/b/a Star Trac is a California business entity and pursuant to Cal. C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown who is or was an officer of Unisen, Inc. at 4400 NE 77th Avenue, Suite 300, Vancouver, Washington 98662 or wherever he may be found.

Search, Inc. at 915 L Street, Ste. 1250, Sacramento, CA 95814, or wherever it may be found.

16.     Defendant Unisen, Inc d/b/a Star Trac Health and Fitness is a California business entity and pursuant to Cal. C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown who is or was an officer of Unisen, Inc. at 4400 NE 77th Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

17.     Defendant Unisen, Inc d/b/a Star Trac, Inc. is a California business entity and pursuant to Cal. C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown who is or was an officer of Unisen, Inc. at 4400 NE 77th Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

18.     Flex Equipment Company, Inc. is a California business entity that pursuant to Cal.C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Mark Nalley who is or was an officer of Flex Equipment, Inc. at 5 Hutton Center Dr., Ste. 1025, Santa Ana, CA 72707, or wherever he may be found.

19.     Flex Equipment, Inc. is a California business entity and pursuant to Cal.C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Mark Nalley who is or was an officer of Flex Equipment, Inc. at 5 Hutton Center Dr., Ste. 1025, Santa Ana, CA 72707, or wherever he may be found.

5

20.     Flex Fitness, Inc. is an Illinois business entity that may be served with summons and a copy of this complaint by serving Derek Steibel who is or was an officer of Flex Fitness, Inc. at 5 West Hill St., Ruma, Illinois   62278, or wherever he may be found.

21.     Star Trac Strength, Inc. was a California business entity that merged into Unisen, Inc. and pursuant to Cal.C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown  who is or was an officer of Unisen, Inc. at  4400  NE 77th Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

22.     Star Trac Health & Fitness, Inc. was a California business entity that merged into Unisen, Inc. and pursuant to Cal.C.C.P. § 416.10(b) may be served with summons and a copy of this complaint by serving Reed Brown  who is or was an officer of Unisen, Inc. at  4400  NE 77th Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

23.     MCB Acquisitions, Inc. is a business entity that may be served with summons and a copy of this complaint by serving Reed Brown who is or was an officer of MCB Acquisitions, Inc. at 4400 NE 77th Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

24.     MCB Holdings, L.LC. is a business entity that may be served with summons and a copy of this complaint by serving  Reed Brown  who is or was an officer of MCB Acquisitions, LLC at  4400  NE 77th  Avenue, suite 300, Vancouver, Washington 98662 or wherever he may be found.

25.     Michael Bruno is an individual and may be served with summons and a copy of this complaint by serving him at 7368 Tippecanoe Road, Canfield, OH 44406, or wherever he may be found.

6

## IV. RELATIONSHIP OF PARTIES

26.     Plaintiff worked out at Defendant, 24 Hour Fitness USA, Inc., at its facility located at 11528 Gulf Freeway, Houston, Texas, 77034. He was allowed to use a machine commonly referred to as a "Flex Smith Machine" for physical fitness. The Flex Smith Machine failed to perform as intended resulting in serious injuries to Plaintiff.

27.     Upon information and belief the Flex Smith machine purchased by Defendant 24 HR Fitness USA, Inc. on March 18, 2005 was designed by Mark Nalley. Defendant Flex Equipment, Inc. Defendant Flex Equipment, Inc. was sold to John Lach of Chicago who changed the name to Defendant Flex Fitness, Inc. which manufactured Smith machines. Defendant Flex Fitness, Inc. was sold to Defendant Star Trac Strength, Inc. and/or Star Trac Health & Fitness, Inc. and/or Star Trac and/or Star Trac Fitness, which merged into Defendant Unisen, Inc who conducted business as Star Trac.   Defendant MCB Acquisitions, Inc. and/or MCB Holdings, LLC purchased Defendant Unisen, Inc. Defendant Michael Bruno had controlling interests in Defendants MCB Acquisitions, Inc., MCB Holdings, LLC,  Unisen, Inc., Core Industries, Inc., Core Industries, LLC and Core Health & Fitness, LLC. These entities to this day still operate and market many of their products as Star Trac, and are responsible for the Flex Smith machine that injured the Plaintiff.

## V. PIERCING THE CORPORATE VEIL AND ALTER EGO

28.     The Defendants Star Trac Strength, Inc., Star Trac Health & Fitness, Inc., Unisen, Inc. MCB Acquisitions, Inc. MCB Holdings, LLC., Core Industries, Inc., Core Industries, LLC and Core Health & Fitness, LLC identify in filings with governmental entities that 14410 Myford Road, Irvine, CA 92606 is their principal business office. The Defendants have interlocking

boards of directors and officers and shareholders. Defendant Michael Bruno held and holds controlling interests in all these entities and has treated them as his own. The corporate entity fiction should be disregarded as it is a sham that should not be allowed to manipulate, avoid and evade responsibility for the defective design, manufacture and marketing of the Flex Smith machine it placed in the chain of commerce and Defendant 24 HR Fitness USA, Inc. purchased on March 18, 2005 and was a cause of the injuries and damages of the Plaintiff. Accordingly, the Defendant Michael Bruno should be held individually liable for the damages of Plaintiff.

29.     The common law of Alter Ego also applies as there is such unity between the corporate entities and Defendant Michael Bruno that the separateness of the corporations has ceased and holding only the corporations liable would result in injustice.


## VI. UNDERLYING FACTS

30.     It has become necessary to bring this suit because of the painful and permanent injuries sustained by Plaintiff, Harry Provost, III, on February 6, 2017 while participating in physical fitness using a Smith Machine at Defendant, 24 Hour Fitness USA, Inc.'s facility located at 11528 Gulf Freeway, Houston, Texas 77034. Plaintiff had placed the bar into the lockout position when it failed and struck him at the C6-7 level of his neck and rendered him a quadriplegic. Defendant 24 Hour had knowledge and consent that Plaintiff worked out at its facility and therefore an invitee on the premises. The Smith Machine was manufactured, designed and marketed by Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN,

INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND
FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC.,
FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR
TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.
This lawsuit is brought against the Defendant 24 Hour Fitness USA, Inc. for negligence and
against Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC
d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE
INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC.
d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN,
INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT,
INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH &
FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.   for negligence and
strict product liability.

31.     On the occasion in question, while Plaintiff was using the Flex Smith Machine, he racked
the bar into place. However, the Flex Smith Machine failed to secure the bar resulting in a "false
latch" and the bar fell on Plaintiff's neck fracturing his C6-7 vertebrae into his spinal cord and
rendered him a quadriplegic.

## VII. NEGLIGENCE AND PREMISES LIABILITY CLAIMS – DEFENDANT 24 HOUR FITNESS USA, INC.

32.     The Defendant, 24 Hour, had the duty to maintain its equipment in a good and safe
condition. The Flex Smith Machine in question was old and not properly maintained or secured
to the floor, and should have been replaced long before the event made the basis of this lawsuit.

In addition, the machine was out of balance which was a condition not easily recognizable by Plaintiff, and in fact, a concealed defect of the machine.

33.     The negligence of Defendant, 24 Hour acting by and through its agents and employees was a proximate cause of the occurrence in question and the substantial damages and injuries sustained by Plaintiff.

## VIII. DEFENDANT 24 HOUR FITNESS USA, INC. – PREMISES LIABLITY

34.     Plaintiff was a business invitee.

35.     The Defendant 24 Hour Fitness USA, Inc. was the one in control of the premises and receiving substantial economic benefits, therefore had the duty to make its premises safe by inspecting for dangerous conditions to make sure the machine was balanced, removed from service because of its age and correcting conditions that were unsafe or at least to warn and instruct of any unreasonably dangerous condition. The Flex Smith Machine in the condition it was in, was unreasonably dangerous and not fit to be used as workout equipment.

36.     In the alternative, the condition of the Flex Smith Machine including being unbalanced, was a concealed defect which rendered it unreasonably dangerous and as owner or occupier of the premises had the duty to inspect and discover such concealed defects and correct them. In addition, there probably were other concealed unreasonably dangerous conditions and defects.

37.     The failure of Defendant 24 Hour to replace, properly inspect, test, maintain, warn and instruct about the unreasonably dangerous conditions of its Flex Smith Machine was negligence, and allowed an unreasonably dangerous condition to exist on its premises was a proximate cause of the injuries and substantial damages of the Plaintiff.

## IX. NEGLIGENCE CLAIMS and STRICT PRODUCT LIABILITY CLAIMS AGAINST DEFENDANTS CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC

**d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.**

38.    In the alternative, the Smith Machine in question was designed, manufactured and marketed by the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.

39.    The Smith Machine in question was placed into the stream of commerce by the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.

40.    As designed, manufactured and marketed, the Smith Machine in question was unreasonably dangerous.

11

41.     There was no substantial change in the condition of the Smith Machine from the time it left the hands of the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC until the time of the injuries to Plaintiff.

42.     The Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC acting by and through their agents and employees were negligent for placing its Flex Smith Machine into the chain of commerce in the condition it was by design, manufacture, and lack of warnings and instructions which was a proximate cause of the occurrence in question and the Plaintiff's substantial injuries and damages.

43.     Each and all of the above and foregoing defects, separately or together, were a proximate and/or a producing cause of the incident made the basis of this lawsuit, and the damages and injuries suffered by your Plaintiff.

## X. STRICT PRODUCT LIABILITY

44.     Further in the alternative, the Flex Smith Machine in question was placed into the stream of commerce by the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC.

45.     As designed, manufactured and marketed, the Flex Smith Machine in question was unreasonably dangerous.

46.     There was no substantial change in the condition of the Flex Smith Machine from the time it left the hands of the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR

TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC
until the time of the injuries to Plaintiff.

47. The Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC
d/b/a STAR TRAC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE
INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC.
d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN,
INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT,
INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH &
FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC acting by and
through its agents and employees is strictly liable under the law of product liability for placing its
Flex Smith Machine into the chain of commerce in the condition it was by design, manufacture,
and lack of warnings and instructions which was a producing cause of the occurrence in question
and the Plaintiff's substantial injuries and damages.

48. Each and all of the above and foregoing defects, separately or together, were a producing
cause of the incident made the basis of this lawsuit, and the damages and injuries suffered by
your Plaintiff.

**XI. Post-Sale Duty to Warn by Defendants CORE HEALTH & FITNESS, LLC, CORE
HEALTH & FITNESS, LLC d/b/a STAR TRAC, CORE HEALTH & FITNESS, LLC
d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC,
STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a
STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX
EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC.,
STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB
ACQUISITIONS, INC. and MCB HOLDINGS, LLC.**

14

49.     Plaintiff would show that the Defendants CORE HEALTH & FITNESS, LLC, CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC,  CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC FITNESS, CORE INDUSTRIES, INC., CORE INDUSTRIES, LLC, STAR TRAC, UNISEN, INC., UNISEN, INC. d/b/a STAR TRAC, UNISEN, INC. d/b/a STAR TRAC HEALTH AND FITNESS, UNISEN, INC. d/b/a STAR TRAC, INC., FLEX EQUIPMENT COMPANY, INC., FLEX EQUIPMENT, INC., FLEX FITNESS, INC., STAR TRAC STENGTH, INC., STAR TRAC HEALTH & FITNESS, INC., MCB ACQUISITIONS, INC. and MCB HOLDINGS, LLC knew or should have known of the product liability history of the Flex Smith Machine in question and therefore had a duty to make adequate warnings and instructions, including post market warnings about the defective condition of the Flex Smith Machine in question, but failed to do so. In this connection, Plaintiff reserves the right to invoke the applicable law of jurisdictions other than Texas based upon the locations of the entities involved, to apply such duties to warn and instruct. Plaintiff would show that such failure to adequately warn and instruct was negligence, which was a proximate cause of Plaintiff's injuries and damages.

## XII. DTPA CLAIM AGAINST DEFENDANT 24 HOUR FITNESS USA, INC.

50.     In the alternative, to each and all of his foregoing claims asserted herein, and without waiving, foregoing or in any other way abandoning any of the other liability claims Plaintiff has heretofore asserted against Defendant 24 Hour Fitness USA, Inc. and/or any other named Defendants in this case, Plaintiff additionally herewith asserts the following DTPA claim, which is asserted in addition to, in supplement of and/or in the alternative to said previously asserted liability and damages claims against said Defendant and all other Defendants in this case.

15

51.     Plaintiff paid to use the facilities of Defendant 24 Hour, including but not limited to the weight lifting machines therein located, which pursuant to Texas law constitute services rendered to Plaintiff. Defendant 24 Hour Fitness USA, Inc. either expressly or impliedly warranted to him that the Flex Smith Machine he was using at the time of his injury met a certain standard of safety or quality, when it did not. On the occasion in question, while Plaintiff was using the Flex Smith Machine, he relied upon said Defendant's express or implied warranty and racked the bar into place, thereafter using it in reliance that if the bar was latched the bar would not fall. However, the Flex Smith Machine failed to secure the bar resulting in a "false latch" and the bar fell on Plaintiff's neck fracturing his C6-7 vertebrae into his spinal cord and rendering him quadriplegic.

52.     Plaintiff's catastrophic injury and consequent damages were directly and proximately caused by Defendant 24 Hour Fitness USA, Inc.'s breach of its express or implied warranty regarding the Flex Smith Machine, which Plaintiff relied upon in using the said Flex Smith Machine. Consequently, he hereby asserts a claim against said Defendant pursuant to Tex. Bus. & Com. Code § 17.50(a)(2).

53.     Pursuant to such claim, Plaintiff hereby claims damages arising from economic losses, both past and future, mental anguish, both past and future, treble of all such damages, attorney's fees and costs and pre- and post-judgment interest as may be appropriate in the circumstances, all as provided in Tex. Bus. & Com. Code § 17.50(a), (b)(1), (d-h), and which may be tripled, plus mental anguish damage for their intentional conduct.

### XIII. GENERAL DAMAGES OF PLAINTIFF, HARRY PROVOST, III.

16

54.     At the time of the accident made the basis of this lawsuit, Plaintiff, Harry Provost, III, was 30 years of age and had a life expectancy of 47.2 years according to Vital Statistics of the United States 2017 Life Tables. As a direct and proximate result of Defendants' negligence and strict liability, your Plaintiff, Harry Provost, III has sustained mental and physical pain and suffering, mental anguish, physical impairment, disfigurement, loss of household services and loss of capacity to perform household services, all of which are in reasonable probability permanent. From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

   a.  The physical pain that Plaintiff, Harry Provost, III, has suffered from the date of the incident in question up to the time of trial.

   b.  The mental anguish that your Plaintiff, Harry Provost, III, has suffered from the date of the incident in question up to the time of trial.

   c.  The damages resulting from the physical impairment suffered by your Plaintiff, Harry Provost, III, and the resulting inability to do those tasks and services that your Plaintiff ordinarily would have been able to perform.

   d.  The disfigurement which your Plaintiff, Harry Provost, III, has suffered from the date of the incident in question up to the time of trial.

55.     From the time of trial of this case, the elements of damages to be considered which Plaintiff, Harry Provost, III, will sustain in the future beyond the time of trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

> a.     The physical pain that Harry Provost, III, will suffer in the future beyond the time of trial.
>
> b.     The mental anguish that your Plaintiff, Harry Provost, III will suffer in the future beyond the time of trial.
>
> c.     The damages resulting from the physical impairment that Plaintiff, Harry Provost, III, will continue to suffer into the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.
>
> d.     The disfigurement which Plaintiff, Harry Provost, III, will suffer in the future beyond the time of trial.

56.     Because of all of the above and foregoing, Plaintiff, Harry Provost, III, has been damaged and will be damaged, in the sum within the jurisdictional limits of this Court.

Medical Damages of Harry Provost, III

## XIV. MEDICAL DAMAGES

57.     Further, as a direct and proximate result of Defendants' acts and/or omissions, it was necessary for Plaintiff, Harry Provost, III, to secure medical and hospital services, including drugs and other medications, and it is reasonably probably that he will require additional medical, hospital, drug services and lifecare plan in the future beyond this date. Plaintiff, Harry Provost,

here now sues for an additional sum within the jurisdictional limits of the Court, for past and future medical, hospital and drug services.

## XV. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

58.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety, pursuant to Fed. R. Civ. P. 10(c).

59.    The negligence and strict liability of the Defendants as alleged herein constitutes not only ordinary negligence, but gross negligence. In this regard, the conduct of the Defendants, in placing into the chain of commerce and allowing it to be used for a physical workout, when it was known that Plaintiff and those similarly situated would be using its Flex Smith Machine, and failing to inspect for any dangerous conditions, cure them or warn about them, are serious violations and were not only ordinary negligence but gross negligence. In this regard, the conduct of the Defendants was done heedlessly, without regard to the damages and injuries that might be inflicted by such conduct. In this regard, the conduct of the Defendants when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which they had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including but not limited to, Plaintiff Harry Provost, III. Accordingly, the conduct of Defendants both in negligence and product liability was gross negligence.

60.    As a result of the gross negligence of the Defendants a sum of money should be assessed against the Defendants as allowed by law, and awarded to Plaintiff as exemplary damages for the

19

injuries to Plaintiff Harry Provost, III. Further, because of the nature of the conduct, the limitations and so called caps on exemplary damages do not apply to the amounts of exemplary damages the jury may find. Exemplary damages should be awarded as a penalty or by way of punishment taking into consideration:

      a.      The nature of the wrong;

      b.      The character of the conduct involved;

      c.      The degree of culpability of the wrongdoer;

      d.      The situation and sensibilities of the parties involved;

      e.      The extent to which such conduct offends a public sense of justice and propriety; and

      f.      The net worth of Defendants.

## XVI. PREJUDGMENT INTEREST

61.    In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## XVII. JURY DEMAND

62.    Plaintiff respectfully asserts his right, pursuant to the Seventh Amendment to the United States Constitution, for trial by jury on all issues of fact and law to which he is entitled. Such jury demand is timely and properly made pursuant to Fed. R. Civ. P. 38(a) and (b)(1) and Local Rule 38 (LR 38.1), of this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that on final trial or hearing of each and all foregoing claims and causes of action, Plaintiff does have and recover of and from Defendants, jointly and

severally, all relief and damages as pleaded above, including exemplary damages, expenses,

taxable costs and such other relief to which Plaintiff may show himself justly entitled to receive.

Respectfully submitted,

**THE LAW FIRM OF ALTON C. TODD**


By: _____/s/ Alton C. Todd_____

Alton C. Todd, ***Attorney in Charge***
Fed Bar No. 1309
State Bar No. 20092000
312 South Friendswood Drive
Friendswood, Texas   77546
(281) 992-8633
(281) 648-8633 Facsimile
alton@actlaw.com


ATTORNEY FOR PLAINTIFF

 CERTIFICATE OF SERVICE

On this, the 8th day of January, 2019, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the instrument to which this Certificate is attached was served upon each party as follows:

Brown Sims                                  *Via E-Service*
Nelson Skyler
1177 West Loop South, Tenth Fl.
Houston, Texas 77027
Ph: 713-629-1580
Fax: 713-629-5027
nskyler@brownsims.com

LeClairRyan                                 *Via E-Service*
Thomas Regan
Brian Deeney
1233 West Loop South, Ste. 1000
Houston, Texas 77027
Ph: 713-654-1111
Fax: 713-650-0027
Thomas.regan@leclairryan.com
Brian.deeney@leclairryan.com


        /s/ Alton C. Todd
        Alton C. Todd