**<u>Exhibit A</u>**

**Stipulation**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
24 HOUR FITNESS                           :        Case No. 20-11558 (KBO)
WORLDWIDE, INC., et al.,                  :
                                          :
                    Debtors.¹            :        (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------- x
```

## STIPULATION REGARDING ENTRY OF AN
## ORDER GRANTING LIMITED RELIEF FROM
## THE AUTOMATIC STAY WITH RESPECT TO
## AXIOM DR CONSTRUCTION, LLC D/B/A AXIOM CONSTRUCTION, LLC

This stipulation (the "**Stipulation**") is entered into by and among 24 Hour Fitness USA, Inc. (the "**Debtor**"), 24 Hour Fitness Worldwide, Inc., and their debtor affiliates (collectively and together with the Debtor, the "**Debtors**") and Axiom DR Construction, LLC d/b/a Axiom Construction, LLC ("**Axiom**" and, collectively with the Debtors, the "**Parties**"). The Parties hereby stipulate and agree as follows:

### Recitals

A.      WHEREAS on June 15, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**")  under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS FIT Holdings LLC (3064); RS FIT CA LLC (7007); and RS FIT NW LLC (9372).  The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

B.      WHEREAS Axiom seeks to file a lawsuit (or join existing lawsuits filed by subcontractors) in the Circuit Court of the 18th Judicial Circuit for DuPage County, Illinois, and the Circuit Court of Cook County, Illinois ("**State Court Actions**"), whereby Axiom will seek to recover purportedly unpaid amounts related to labor and materials provided by Axiom with respect to two properties located at (i) 560 S. Schmale Road, Carol Stream, Illinois 60188 and (ii) 101 N. Barrington Road, Schaumburg, Illinois 60194 (together, the "**Properties**");

C.      WHEREAS, on July 13, 2020, this Court entered the *Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases of Nonresidential Real Property and (B) Abandon De Minimis Property in Connection Therewith and (II) Granting Related Relief* [D.I. 492], pursuant to which the Debtors rejected the leases with respect to the Properties effective as of the Petition Date such that, as of the date hereof, the Debtors have no interest in the Properties;

D.      WHEREAS Axiom desires to pursue the State Court Actions to foreclose and collect on its liens against certain non-Debtor parties (the "**Non-Debtor Parties**"), including the owner(s) of the Properties;

E.      WHEREAS Axiom asserts that, under applicable non-bankruptcy law, it must name the Debtor as a defendant or other party to the State Court Actions because such Debtor is a necessary party in the State Court Actions in order for Axiom to pursue its claims against the Non-Debtor Parties;

F.      WHEREAS the Parties seek to resolve the matter in the most cost- and time-efficient manner for Axiom, the Debtors, and the Debtors' estates, without the need for litigation;

2

G.      WHEREAS the Parties agree that it is in the best interests of the Debtors and Axiom to modify the automatic stay provisions of section 362 of the Bankruptcy Code (the "**Automatic Stay**") to allow Axiom to file the State Court Actions or join existing lawsuits filed by subcontractors and name the Debtor as a defendant or other party in such State Court Actions but not, for the avoidance of doubt, to prosecute the State Court Actions against the Debtors, subject in all respects to the terms of this Stipulation;

H.      WHEREAS the Parties have agreed, subject to approval of the Court, to modify the Automatic Stay for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay, to the extent applicable, is hereby modified for the limited purpose of permitting Axiom to file (or join existing lawsuits filed by subcontractors involving the Properties) the State Court Actions and name the Debtor as a defendant or other party in a nominal capacity in the State Court Actions; provided, however, that any Debtor named in the State Court Actions shall be named solely in a nominal capacity, in accordance with the terms hereof, and Axiom shall not prosecute the State Court Actions against the Debtor and shall not seek any relief or judgment against the Debtors in the State Court Actions.

3.      Neither the Debtors nor their estates shall have any obligation to satisfy any amounts due and owing to Axiom in connection with the State Court Actions.

4.      Axiom hereby agrees and acknowledges to pursue any affirmative recovery against the Debtors and their estates solely in the Chapter 11 Cases and in accordance with the claims process established for the Chapter 11 Cases and subject to, *inter alia*, the Bankruptcy Code, Bankruptcy Rules, the order establishing a deadlines to file proofs of claim in the Chapter 11 Cases [D.I. 785], any chapter 11 plan confirmed in the Chapter 11 Cases, and any applicable order of this Court (collectively, the "**Chapter 11 Claims Process**"); provided, that (a) Axiom may name the Debtor as a defendant or other party in a nominal capacity in the State Court Actions; (b) except as determined through the Chapter 11 Claims Process, the Debtors and their estates shall have no liability to Axiom, or obligation to satisfy any amounts due and owing to Axiom, in respect of the State Court Actions or any judgment or settlement that may be obtained by Axiom in the State Court Actions; provided, that for purposes of the State Court Actions, the Debtor named as a defendant or other party in the State Court Actions may be found liable by the finder of fact; provided, further, that any judgment arising from such a finding of liability by the finder of fact in the State Court Actions will not be enforceable by Axiom as against any Debtor and, instead, such judgment will be a judgment against the Debtor in a nominal capacity only; and, (c) except with respect to and as determined by the Chapter 11 Claims Process, Axiom shall take no action to collect, liquidate, or foreclose against any property of the Debtors or their estates at any time in respect of the State Court Actions or any judgment entered therein.  For the avoidance of doubt, nothing in this Stipulation shall be construed to impair or otherwise affect Axiom's rights to foreclose on any interest in the Properties.

5.      Notwithstanding anything to the contrary in this Stipulation, the Parties agree that Axiom shall retain its right to assert and prosecute claim(s) via the Chapter 11 Claims

Process, including by filing a proof of claim against the Debtors in the Chapter 11 Cases, and the Debtors shall retain all rights to object to any such claim(s).  Axiom agrees that to the extent it realizes an affirmative recovery in the State Court Actions, Axiom shall either (a) reduce in an equal amount its claim(s) asserted against the Debtors in the Chapter 11 Cases or, (b) if distributions to holders of claims and interests in the Chapter 11 Cases are made pursuant to a confirmed plan or otherwise before Axiom realizes a recovery in the State Court Actions, without unreasonable delay, return to the Debtors, reorganized Debtors, or other estate fiduciary (as the case may be) that pro rata portion of such distributions made to Axiom on account of Axiom's allowed claim(s) in the Chapter 11 Cases, if any, attributable to Axiom's recovery, if any, in the State Court Actions.

6.      Axiom agrees to waive any argument that the Debtors, their estates, or their successors shall be required to pay or otherwise satisfy:  (a) any self-insured retention or deductible liability; (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy; (c) any defense costs; (d) any judgment; or (e) any other costs of any kind related to the State Court Actions, including, without limitation, costs associated with any discovery conducted during the State Court Actions.

7.      Axiom further agrees that the Debtors shall have no legal obligation to participate in any discovery conducted with respect to the State Court Actions, including, without limitation, producing documents, furnishing witnesses for depositions or live testimony, or responding to interrogatories; provided, that Axiom agrees that any participation by the Debtors in discovery is within the sole discretion of the Debtors and that any such participation shall not be deemed a waiver of any of the terms or conditions of this Stipulation; provided, however, that nothing in this Stipulation shall be deemed to prejudice Axiom's right to seek

further relief from this Court for the purpose of obtaining discovery from the Debtors with respect to the State Court Actions.

8.    Nothing in this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Debtor regarding liability with respect to any claims or rights arising from or related to the State Court Actions.  No negotiations or writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Debtor regarding liability with respect to any claims or rights arising from or relating to the State Court Actions.

9.    All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date other than as expressly set forth herein, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors other than as expressly set forth herein, and those provisions providing for the Debtors' rights to seek punitive damages for willful violations of the Automatic Stay to the extent the Automatic Stay has not been modified as provided herein, shall remain in full force and effect.

10.    This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11.    The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

6

12.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13.     This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Court.

14.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

15.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Stipulation.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: October 6, 2020
      Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

-and-

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: October 6, 2020
  Wilmington, Delaware

**AXIOM DR CONSTRUCTION, LLC D/B/A
AXIOM CONSTRUCTION, LLC**

*/s/  Damien Nicholas Tancredi*

Damien Nicholas Tancredi (DE Bar No. 5395)
FLASTER/GREENBERG, P.C.
1007 North Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (215) 587-5675
Email:  damien.tancredi@flastergreenberg.com

-and-

Raymond M. Patella
Kraemer Burns, P.A.
675 Morris Avenue, 3rd Floor
Springfield, NJ 07081
Telephone:  (973) 912-8700
Email:  rpatella@kraemerburns.com

*Attorneys for Axiom DR Construction, LLC d/b/a Axiom
Construction, LLC*