IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: § | |
| § | |
| 24 HOUR FITNESS WORLDWIDE § | |
| INC *et al.* § | CASE NO. 20-11558 (KBO) |
| § | |
| § | Chapter 11 |
| Debtors § | (Jointly Administered) |

**CERTAIN TEXAS TAXING ENTITIES' OBJECTION TO THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF 24 HOUR FITNESS WORLDWIDE, INC. AND ITS DEBTOR AFFILIATES**
(Relates to Doc. No. 1016)

To:   The Honorable Karen B. Owens
      United States Bankruptcy Judge

COME NOW Brazoria County Tax Office, *et al*[1], secured creditors and parties in interest (the "Certain Texas Taxing Entities") and file this Objection to the Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Debtor Affiliates (the "Plan") (Doc. No.1016).

## Background

1.   The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable property within their boundaries, in order to operate and discharge their public purposes.

---

[1] The Certain Texas Taxing entities includes , Frisco ISD, Richardson ISD, Arlington ISD, Eagle Mountain-Saginaw ISD, Crowley ISD, Grapevine-Colleyville ISD, Brazoria County Tax Office, Fort Bend ISD, Fort Bend MUD #167, Fort Bend MUD #161, Fort Bend MUD #050, Fort Bend LID 12, Clear Creek ISD, Friendswood ISD, City of Friendswood, East End District, Spring ISD, Humble ISD, Harris County MUD #132, Cornerstones MUD, Alief ISD, City of Houston, Harris County MUD #186, Harris County WCID #145, Pasadena ISD, Spring Branch ISD, Klein ISD, Woodlands Metro MUD, Woodlands RUD #1, Montgomery County MUD #60, and any other entity represented by Perdue Brandon Fielder Collins, and Mott with claims in this case.

2. The Certain Texas Taxing Entities hold secured pre-petition tax claims for the 2020 tax year (the "Tax Claims"). The Tax Claims are secured by tax liens on the real and tangible business personal property of the Debtor (the "Tax Liens").

3. The Certain Texas Taxing Entities' tax liens are senior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. See also *Stanford v. Butler*, 826 F.2d 353 (5th Cir. 1987): *Universal Seismic Associates, Inc*. 288 F.3d 205 (5th Cir. 2002); *In Re Winn's Stores, Inc*. 177 B.R. 253 (Bktcy W.D. Tex. 1995).

### Proposed Plan Treatment

4. The Plan is ambiguous as to whether the secured Tax Claims will be treated as Class 2 - Other Secured Claims or as Priority Tax Claims. The Certain Texas Taxing Entities object to the treatment of their secured Tax Claims as Priority Tax Claims. The Certain Texas Taxing Entities hold senior secured claims against property of the Debtors and should be treated as Other Secured Claims.

5. The Plan treatment for Other Secured Claims reads as follows:

2. <u>Class 2 – Other Secured Claims</u>

   a. *Classification*: Class 2 consists of all Other Secured Claims.

   b. *Treatment*: Except to the extent that a Holder of an Allowed Other Secured Claim against the Debtors agrees to a less favorable treatment of such Claim, in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Allowed Other Secured Claim, at the option of the Debtors: (i) each such Holder shall receive Cash in an amount equal to the Allowed amount of such Claim on the later of the Effective Date and the date that is ten (10) Business Days after the date on which such Other Secured Claim becomes an Allowed Claim; (ii) on the Effective Date, such Holder's Allowed Other Secured Claim shall be Reinstated; (iii) on the Effective Date, such Holder shall receive such other treatment sufficient to render such Holder's Allowed Other Secured Claim Unimpaired; or (iv) on

       the Effective Date, such Holder shall receive delivery of, or shall retain, the applicable collateral securing any such Claim up to the secured amount of such Claim pursuant to section 506(a) of the Bankruptcy Code and payment of any interest required under section 506(b) of the Bankruptcy Code in satisfaction of the Allowed amount of such Other Secured Claim.

  c.    *Voting*: Class 2 is Unimpaired under the Plan. Each Holder of an Other Secured Claim is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, Holders of Other Secured Claims are not entitled to vote to accept or reject the Plan, and the votes of such Holders shall not be solicited with respect to Other Secured Claims.

### Joinder and Limited Objections

6.    The Certain Texas Taxing Entities hereby join in and incorporate the objection filed by the Texas Taxing Authorities at Docket # 1146. The Certain Texas Taxing Entities further object for the reasons set forth below.

7.    The Certain Texas Taxing Entities object to confirmation of the Plan to the extent it fails to provide for the retention of their pre- and post- petition liens on its collateral. The Plan should not be confirmed unless and until it specifically provides for the Certain Texas Taxing Entities pre- and post-petition liens to remain on the Debtor's real and tangible personal property until the pre- and post-petition taxes are paid in full.

8.    The Certain Texas Taxing Entities object to the confirmation of the Plan to the extent it fails to provide for the payment of interest on their claims at the applicable non-bankruptcy rate from date of delinquency until paid in full as required by 11 U.S.C. § 511 and Texas law.

9.    The Certain Texas Taxing Entities object to confirmation of the Plan to the extent it provides the Debtors an option to return collateral securing the claims of the members of the Other Secured Claims class of creditor which would result in preferential treatment of the claims of junior secured creditors.

10. The Certain Texas Taxing Entities object to confirmation of the Plan to the extent it fails to comply with the requirements of 11 U.S.C. § 1129(a)(9)(C) and (D) by failing to provide for regular installment payments commencing on a date certain over a period ending not later than 5 years after the date of the order for relief.

11. The Certain Texas Taxing Entities object to confirmation of the Plan to the extent it unfairly discriminates in the treatment of the claims of similarly situated creditors.

12. The Certain Texas Taxing Entities further object to any exit financing agreements that seek to prime or subordinate their senior secured Tax Liens.

## Prayer

WHEREFORE, Brazoria County Tax Office, *et al* respectfully request that the Court deny confirmation of the Plan, until and unless the Objection is remedied, and grant them such other and further relief as is just.

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for The Certain Texas Taxing Entities
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone)
(713) 862-1429 (fax)

/s/ *Owen M. Sonik*
Owen M. Sonik
Texas State Bar No. 18847250
Melissa E. Valdez
Texas State Bar No. 24051463

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2020 a true and correct copy of the foregoing document was served by the Electronic Case Filing System or by the means indicated below:

**CO-COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

**Weil, Gotshal & Manges LLP**
Ray C. Schrock via email to: ray.schrock@weil.com
Ryan Dahl via email to: Ryan.Dahl@weil.com
Kevin R. Satterfield via email to: kyle.satterfield@weil.com
Kevin Bostel via email to: kevin.bostel@weil.com

**Pachulski Stang Ziel & Jones LLP**
Laura David Jones via email to: ljones@pszjlaw.com tcairns@pszjlaw.com
Timothy P. Cairns via email to: tcairns@pszjlaw.com
Peter J. Keane via email to: pkeane@pszjlaw.com

**OFFICE OF THE UNITED STATES TRUSTEE**
Linda J. Casey via email to: Linda.Casey@usdoj.gov

And all other parties via CM/ECF-enotice.

                                            /s/ *Owen Sonik*
                                            Owen Sonik