## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>24 HOUR FITNESS WORLDWIDE, INC., *et al.*,<br><br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-11558 (KBO)<br><br>(Jointly Administered)<br><br>**Related D.I.: 1245, 1301, 1302**<br><br>**Objection Deadline: December 11, 2020 at 12:00 pm (EST)** |

## LIMITED OBJECTION OF BROOKFIELD PROPERTIES RETAIL, INC., CENTERCO PROPERTIES, L.L.C., REGENCY CENTERS, L.P., SHOPCORE PROPERTIES LP AND SITE CENTERS CORP. TO PROPOSED CURE AMOUNTS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES PURSUANT TO DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

Brookfield Properties Retail, Inc. ("Brookfield"), Centerco Properties, L.L.C. ("Centerco"), Regency Centers, L.P. ("Regency"), ShopCore Properties LP ("Shopcore") and SITE Centers Corp. ("SITE") (collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, hereby submit this limited objection (the "Objection") *First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors* dated November 16, 2020 (the "Plan")[2] filed by the above-captioned debtors (the "Debtors") and the proposed cure amount and assumption and assignment of the Leases

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS FIT Holdings LLC (3064); RS FIT CA LLC (7007); and RS FIT NW LLC (9372). The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

[2]    D.I. 1245.

pursuant to the Plan and the Plan Supplement[3]. In support of this Objection, the Landlords

respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Landlords do not object to the assumption and assignment of the Leases

to a qualified operator per se, and fully support the Debtors reorganization that will provide for a

healthier, go-forward company emerging from bankruptcy, but file this limited Objection to the

proposed cure amounts and to ensure that the Plan does not cut off the obligations to cure all

defaults under the Leases, including Adjustment Amounts that are not yet due under the Leases.

2.      The Landlords hope to resolve some, if not all, of the issues raised herein

with the Debtors consensually, but reserve the right to argue these issues at the hearing.

## BACKGROUND

3.      The Landlords are the owners, affiliates, or managing agents for the owners

of properties listed on the attached **Exhibit A** (collectively, the "Leased Premises") where the

Debtors lease non-residential real estate pursuant to written leases (each, a "Lease," and,

collectively, the "Leases").  Most or all of the Leased Premises are located in shopping centers as

that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922

F.2d 1081 (3d Cir. 1990).

4.      On June 15, 2020 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to chapter 11 of the Bankruptcy Code with this Court.

---

[3]      D.I. 1301.

5.      The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On the October 7, 2020, the Debtors filed their Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors, and they filed the Amended Plan on November 16, 2020.

7.      On December 5, 2020, the Debtors filed the *Notice of Filing of Plan Supplement* (the "Plan Supplement").. The Debtors include the Leases on Exhibit D and Exhibit D-1 of the Plan Supplement. The Debtors intend to assume the unexpired leases contained in Exhibit D. The debtors intend to assume the unexpired leases found on Exhibit D-1, subject to successful lease amendment negotiations. The Debtors intend to assume the unexpired leases contained in Exhibit D and D-1 pursuant to the Plan. *See* Plan Supplement, Schedule D and D-1.

## OBJECTION

### A.  The Debtor's Proposed Cure Amounts Are Incorrect[4]

8.      The applicable Landlords dispute the Debtors' proposed cure amounts listed on Exhibit B attached hereto, in the column titled "Debtors Cure Amount". The correct cure amounts for such Landlords' Leases are set forth on Exhibit B as attached hereto, in the column titled "Landlord Cure Amount," which includes an estimate of attorneys' fees incurred to date. Landlords reserve their right to amend the cure amounts to include additional fees and expenses

---

[4]      Several of the Landlords have Lease Modifications that are effective on the Effective Date of the Plan. This Objection serves to reserve their rights. The remaining Landlords will continue to work with the Debtors in regards to the cure disputes, and file this objection to preserve their rights in the event an agreement cannot be reached.

3

which continue to accrue and any other obligations that arise and/or become known to Landlords prior to assumption of the Leases.

9.　　Prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate Landlords for any actual pecuniary loss, including the payment of related attorneys' fees.  *See* 11 U.S.C. §365(b)(1)(B).  Attorneys' fees due under the Leases are compensable.  *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).  As part of Landlords' pecuniary losses, they are entitled to attorneys' fees in connection with the Debtor's obligation to cure all monetary defaults under the Leases.

**B. The Debtors or Reorganized Debtors Should be Responsible for All Post-Effective Date Obligations Under the Assumed Leases, Whether Those Obligations Accrued Before or After the Effective Date**

10.　　Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof . . ." 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition—either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

11.　　As adequate assurance of future performance under the Leases, the Debtors or the Reorganized Debtors must be responsible to satisfy any amounts due under the Leases, such as year-end adjustments of rent-related charges, including, without limitation, adjustments for

4

calendar years 2019 and 2020 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases.

12.    The Debtors or Reorganized Debtors must also be required to comply with all contractual obligations to indemnify and hold Landlords harmless with regard to events which occurred before assumption but which were not known to Landlords as of the date of the assumption.  This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, and (ii) damage and destruction to the Leased Premises or property by the Debtors or its agents.   To cure possible pre-assumption, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, the Debtors must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in the Plan or any court order.

## C. The Debtors Must Be Responsible for Timely Payment of All Post-Petition Rent and Additional Rent Due Under the Leases Until They Are Assumed, Assumed and Assigned, or Rejected

13.    Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1).

11 U.S.C. § 365(d)(3).

14.    The Landlords request that the assumption and assignment of the Leases be conditioned upon the Debtors' timely performance of all obligations arising under the Leases before the Leases are assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code, including, without limitation, the full payment of rent on the first day of each month.

## **RESERVATION OF RIGHTS AND JOINDER**

15.    The Landlords reserve the right to amend and/or supplement this limited Objection by asserting any and all other claims, whether based on cure or otherwise, or objections to assumption or Plan confirmation as may be appropriate at or before the confirmation hearing.

16.    To the extent not inconsistent with this limited Objection, the Landlords join in the objections of other landlords and contract counterparties to the Plan.

## **CONCLUSION**

**WHEREFORE**, the Landlords respectfully request that the Court enter an order (i) denying confirmation of the Plan unless modified as set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: December 11, 2020

**KELLEY DRYE & WARREN LLP**

By: */s/ Robert L. Lehane*

Robert L. LeHane, Esq.
Sean T. Wilson, Esq.
Mark S. Levine, Esq.
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
 Email:  rlehane@kelleydrye.com
        swilson@kelleydrye.com
        mlevine@kelleydrye.com

*Counsel to the Landlords*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this December 11, 2020, a copy of the foregoing Objection was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases.

*/s/  Mark S. Levine*
Mark S. Levine

## EXHIBIT A

**Brookfield Properties Retail, Inc**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 206 | Willowbrook Mall (TX) | Houston, TX | Willowbrook Mall (TX) LLC |
| 894 | The Shoppes at Carlsbad | Carlsbad, CA | RPI Carlsbad, L.P. |
| 875 | NewPark Mall | Newark, CA | NewPark Mall LP |

**CenterCo Real**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 642 | 150 Sylvan Ave | Englewood Cliffs, | 150 Sylvan Avenue, L.L.C. |

**Regency Centers, L.P.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 545 | Potrero Center | San Francisco, | Equity One (West Coast Portfolio) Inc. |
| 372 | Hancock Shopping Center | Austin, TX | Regency Centers, L.P. |

**SITE Centers Corp.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 907 | Falcon Ridge Town Center | Fontana, CA | BRE DDR Crocodile Falcon Ridge Town Center I LLC |
| 460 | Flat Acres Market Center | Parker, CO | BRE DDR Flatacres Marketplace LLC |

**Shopcore Properties, L.P.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 663 | Cornerstar | Aurora, CO | BRE DDR BR Cornerstar CO LLC |

**Exhibit B**

**Brookfield Properties Retail, Inc**

| Store No. | Mall Name | Location | Landlord | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| 206 | Willowbrook Mall (TX) | Houston, TX | Willowbrook Mall (TX) LLC | TBD | $14,554.80 |
| 894 | The Shoppes at Carlsbad | Carlsbad, CA | RPI Carlsbad, L.P. | $61,454.00 | $1,224,795.87 |
| 875 | NewPark Mall | Newark, CA | NewPark Mall LP | $71,340.00 | $957,355.58 |

**CenterCo Real**

| Store No. | Mall Name | Location | Landlord | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| 642 | 150 Sylvan Ave | Englewood Cliffs, NJ | 150 Sylvan Avenue, L.L.C. | $47,658.00 | $99,611.94 |

**Regency Centers, L.P.**

| Store No. | Mall Name | Location | Landlord | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| 545 | Potrero Center | San Francisco, CA | Equity One (West Coast Portfolio) Inc. | $0.00 | $726,717.00 |
| 372 | Hancock Shopping Center | Austin, TX | Regency Centers, L.P. | $0.00 | $208,386.25 |

**SITE Centers Corp.**

| Store No. | Mall Name | Location | Landlord | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| 907 | Falcon Ridge Town Center | Fontana, CA | BRE DDR Crocodile Falcon Ridge Town Center I LLC | $0.00 | $128,970.75 |
| 460 | Flat Acres Market Center | Parker, CO | BRE DDR Flatacres Marketplace LLC | 0.00 | $169,615.04 |

**Shopcore Properties, L.P.**

| Store No. | Mall Name | Location | Landlord | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| 663 | Cornerstar | Aurora, CO | BRE DDR BR Cornerstar CO LLC | $0.00 | $159,534.15 |