# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 24 HOUR FITNESS WORLDWIDE, INC, *et al.*, | Case No. 20-11558 (KBO) |
| | Jointly Administered |
| Debtors. | **Hearing Date: December 17, 2020 at 1:00 PM**<br>**Objections Due: December 11, 2020,**<br>**at 12:00 PM, extended to December 14, 2020** |

## OBJECTION BY THE UNITED STATES TO THE DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF 24 HOUR FITNESS WORLDWIDE, INC. AND ITS AFFILIATED DEBTORS

The United States, on behalf of the Equal Employment Opportunity Commission ("EEOC"), objects to the First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors ("Plan") [Docket No. 1231]. In support of its objection, the United States avers as follows:

### BACKGROUND

**1.** On June 15, 2020, ("Petition Date") the Debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), (collectively, "Petition").[1] [Docket No. 1].

**2.** On October 7, 2020, the Debtors filed the Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors [Docket No. 1016], as subsequently

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are 24 Hour Holdings II LLC (N/A); 24 Hour Fitness Worldwide, Inc. (5690); 24 Hour Fitness United States, Inc. (8376); 24 Hour Fitness USA, Inc. (9899); 24 Hour Fitness Holdings LLC (8902); 24 San Francisco LLC (3542); 24 New York LLC (7033); 24 Denver LLC (6644); RS FIT Holdings LLC (3064); RS FIT CA LLC (7007); and RS FIT NW LLC (9372). The Debtors' corporate headquarters and service address is 12647 Alcosta Blvd., Suite 500, San Ramon, CA 94583.

amended by the Plan.

3.  The Debtors have proposed a plan that provides parallel paths for a Restructuring and a Purchase Transaction whereby the Debtors could elect to reorganize their cases or, alternatively, to liquidate their assets. [Plan, Article I.A(125, 126, 127, 133, 134, 135, 136, 137); Article IV; Exhibit B].

4.  The United States is a creditor in this bankruptcy. On December 11, 2020, The EEOC filed identical estimated proofs of claim in each of these cases based, in part, on its June 10, 2016, Letter of Determination finding reasonable cause that the Debtors violated Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Age Discrimination in Employment Act of 1967 ("LOD"). [Proofs of Claim 27036, 27039, 27040, 27046.] The EEOC filed its proofs of claim on behalf of the individual employees who alleged that the Debtors violated employment and labor laws ("Charging Parties"), and on behalf of a potential national class of current and former employees of the Debtors ("National Class"). The EEOC's proofs of claim assert a non-tax priority wage claim for unpaid wages that were otherwise owed, but for the violations cited in the LOD, in the 180 days before the Petition date, and a general unsecured claim for the balance of back pay, together with other liquidated, compensatory and punitive damages owed to individual Charging Parties and the National Class as a result of the violations cited in the LOD.

## OBJECTION

5.  **Settlement Not Appropriate**. The United States objects to the Plan provisions purporting to compromise or settle its claims, interests or causes of action against the Debtors. Article VIII.A of the Plan provides, in relevant part:

> A. Compromise and Settlement of Claims, Interests, and Controversies
>
> Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019…, the Plan is and shall be deemed a good-faith compromise and settlement of all Claims,

> Interests, and controversies … that a Holder of a Claim or Interest may have …. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement … as well as a finding by the Bankruptcy Court that such compromise or settlement … is fair, equitable, and reasonable.

The Plan's expansive definition of "Cause of Action" in Article I.A(21) reinforces this provision's breadth. Aritcle I.A(21) states:

> 21. *Cause of Action* means any action, claim, cause of action, controversy, demand, right, action, … suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege … of any kind or character whatsoever, whether known, unknown, contingent or non-contingent, matured or unmatured, …, liquidated or unliquidated, disputed or undisputed …. [Plan, Article I.A(21)].

Section 1123(b)(3)(A) of the Bankruptcy Code provides for the settlement or adjustment of any claim belonging to the Debtors or to the estate. The Debtors here are not settling their own claims pursuant to section 1123(b)(3)(A), but instead are attempting to settle the unknown claims of unknown creditors without providing adequate notice, and attempting to settle the claims of the United States without the consent or participation of the United States. Fed. R. Bankr. P. 9019 outlines the requirements for bankruptcy court approval of a compromise or settlement which require a motion, notice, and hearing. At the time of filing, triggered by the EEOC's LOD and pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C.§ 2000e et seq. ), Debtors and the EEOC are engaged in a voluntary conciliation process, to examine and eliminate alleged unlawful employment practices of the Debtors and to potentially and consensually resolve the existing charges and findings ("Conciliation Process"). The Conciliation Process has yet to yield a settlement or resolution of the issues raised in the LOD. By virtue of the Plan process, the United States has not consented to the compromise or settlement of its claims or causes of action and this provision is unfairly prejudicial to the rights of the United States.

**6.    Government Regulation**. Despite Debtors' knowledge of the EEOC's LOD of potential prepetition and possibly ongoing post-petition violations of employment and labor laws, Debtors

seek approval from Bankruptcy Court to usurp the police and regulatory powers of the United States. Article VIII.B of the Plan provides:

> Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Plan … the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever … whether known or unknown, against, liabilities of, … obligations of, rights against, and interests in, the Debtors or any of their assets or properties …. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests … and, upon the Effective Date, all Holders of such Claims and Interests **shall be forever precluded and enjoined**, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such Claim or Interest against the Debtors, the Reorganized Company, or any of their Assets or property. [Plan, Article VIII.B (emphasis added)].

The filing of the Petition does not stay "the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power," 11 U.S.C. § 362(b)(4). Other courts have recognized that the EEOC's enforcement of anti-discrimination laws falls within the police and regulatory exception to the automatic stay, even if the EEOC files suit seeking injunctive and monetary relief. *EEOC v. Lehi Roller Mills Co.*, 2013 U.S. Dist. LEXIS 155017 (D. Utah Oct. 28, 2013); *see also EEOC v. McLean Trucking Co.*, 834 F.2d 398, 402 (4th Cir. 1987); *United States EEOC v. CTI Glob. Sols., Inc.*, 422 B.R. 49, 52-53 (D. Md. 2010). The United States therefore objects to the Plan to the extent that the Plan enjoins the United States' police and regulatory powers and/or to the extent Debtors seek to obtain a pre-enforcement review and an advisory opinion that is beyond the jurisdiction of the Bankruptcy Court.

7. **<u>Non-Debtor Releases and Exculpation</u>**. The United States opts out of and objects to the third party non-debtor limitation of liability, injunction, exculpation and release provisions set forth in Articles VIII.D, E and F of the Plan. The Plan defines "Released Parties" and "Exculpated Parties" to include numerous non-debtor third parties and entities in addition to the Debtors and/or

the Reorganized Company. [Plan, Article I.A(66), (135)]. It then purports to absolve the Released Parties and Exculpated Parties of various responsibilities and potential liabilities related to their actions in this bankruptcy, and to permanently enjoin any attempted enforcement thereof. Article VIII.D of the Plan provides, in relevant part:

> D. Releases by Holders of Claims and Interests
>
> Released Parties shall be deemed … unconditionally, irrevocably and forever, released, waived, and discharged by the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever … based on or relating to, or in any manner arising from … the Debtors, the Chapter 11 Cases, … [and various case-related documents and transactions related to the confirmation process and implementation of the Plan]. [Plan, Article VIII.D].

Article VIII.E of the Plan provides, in relevant part:

> E. Exculpation
>
> [N]o Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, … in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, … [and various case-related documents and transactions related to the confirmation process and implementation of the Plan]. [Plan, Article VIII.E].

Lastly, Article VIII.F of the Plan provides, in relevant part:

> F. Injunction
>
> EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT … MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST … ARE PERMANENTLY ENJOINED [from taking numerous legal or enforcement actions] AGAINST … THE DEBTORS, THE REORGANIZED COMPANY, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES …. [Plan, Article VIII.F (emphasis in original)].

The Plan provides for overly broad non-debtor third party releases, exculpation and injunctions. While the Third Circuit stopped short of adopting a *per se* rule that non-debtor

releases in a reorganization plan are impermissible (as other circuits have done), it held that, at most, such releases are appropriate in "extraordinary" cases. *Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 212 (3d Cir. 2000).

At minimum, a nonconsensual release of non-debtor entities must contain the following "hallmarks": "fairness, necessity to the reorganization, and specific factual findings to support these conclusions." *Id*. at 214; *see also In re Wash. Mut., Inc.*, 442 B.R. 314, 351-52 (Bankr. D. Del. 2011) (collecting cases). This Court interpreted *Continental's* holding on non-debtor releases to mean that "limiting the liability of non-debtor parties is a *rare thing that should not be considered absent a showing of exceptional circumstances* in which several key factors are present." *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 608 (Bankr. D. Del. 2001) (emphasis added).

Where this Court has even contemplated approval of a non-consensual release, it has required the following factors be present to justify the "rare" release: "(1) the non-consensual release was necessary to the success of the reorganization, (2) the releasees have provided a critical financial contribution to the Debtor's plan, (3) the releasees' financial contribution is necessary to make the plan feasible, and (4) the release is fair to the non-consenting creditors, i.e., whether the non-consenting creditors received reasonable compensation in exchange for the releases." *In re Tribune Co.*, 464 B.R. 126, 177-78 (Bankr. D. Del. 2011); *see also Genesis Health Ventures*, 266 B.R. at 607-09. For this Court to infer consent from nonresponsive creditors and equity holders, the Debtors must make a showing under contract principles that silence is acceptance. *In re Emerge Energy Services LP, et al.*, Case No. 19-11563, page 23, (Bankr. D. Del. 2019) [Docket No. 671]. Here, setting aside the question of whether the Debtors have made such a showing, the Debtors make no adequate showing of a single *Tribune/Genesis* factor, which would justify the

extraordinary release of non-debtors in these reorganizing / liquidating cases with respect to their potential liability to the United States.

Moreover, the United States objects to the third party releases on the ground that the Bankruptcy Court cannot assert subject matter jurisdiction over claims that have not been identified. Thus, the bankruptcy courts can only hear a dispute solely between non-debtor parties concerning non-bankruptcy law under "related to" jurisdiction, and then only "if the outcome could alter the Debtors' rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); see *also Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5, 115 S.Ct. 1493, 131 L.Ed. 2d 403 (1995) ("Proceedings 'related to' the bankruptcy include…suits between third parties which have an effect on the bankruptcy estate."). Here, the Debtors have failed to specifically identify, much less establish Bankruptcy Court jurisdiction over, any of the transactions between the entities that are the Released Parties in the Plan. *See In re Millennium Lab Holdings II, LLC*, 242 F.Supp. 3d 322, 327 (D. Del. 2017), *aff'd*, 945 F.3d 126 (3d Cir. 2019).

8. **Claim Estimation**. The Plan subjects Disputed Claims to an estimation process that is broader in scope than permitted by sections 502(c) and (j) of the Bankruptcy Code. The EEOC has filed estimated, unliquidated claims in these cases on behalf of individuals who have suffered discrimination, hostile work environments and retaliation, asserting back pay, actual, compensatory and punitive damages. Because the EEOC's claims are unliquidated, the EEOC's claims may conceivably be subject to estimation for some purposes in the future.

The Plan strips the protections that section 502(c) and (j) provide creditors. The Plan provides that the Debtors or the Reorganized Company can request that the bankruptcy court

estimate a Disputed Claim at any time and for any reason.  Plan at Article VII.C.  The Plan also prevents any creditor from seeking reconsideration of a claim allowance decision.  *See* Plan at Article VII.C.  Under section 502(c), a bankruptcy court can only estimate a contingent or unliquidated claim where the claim's fixing or liquidation would "unduly delay the administration of the case."  11 U.S.C. § 502(c).  Further, section 502(j) grants creditors to seek reconsideration of a claim allowance for cause.  *See* 11 U.S.C. 502(j).  A reconsidered claim may be allowed or disallowed according to the equities of the case.  *Id.*

9. **Setoff and Recoupment**. The United States objects to the Plan to the extent it fails to preserve the United States' setoff and recoupment rights. In Article VI.H of the Plan the Debtors state:

> In no event shall any Holder of Claims be entitled to set off any such Claim against any claim, right, or Cause of Action of the Debtor or the Reorganized Company … unless [Debtors consent or the Court has approved the setoff on or before the Effective Date of confirmation]. [Plan, Article VI.H].

Confirmation of a plan does not extinguish setoff claims when timely asserted.  *In re Continental Airlines*, 134 F.3d at542 (3d Cir. 1998).  Like other creditors, the United States has the common law right to setoff mutual debts.  "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."  *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234 (1947) (citing *Gratiot v. United States*, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); *see also Amoco Prod. Co. v. Fry*, 118 F.3d 812, 817 (D.C. Cir. 1997).  This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'"  *Marre v. United States*, 117 F.3d 297, 302 (5th Cir. 1997) (quoting *United States v. Tafoya*, 803 F.2d 140 (5th Cir. 1986)).  Thus, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims.  *Zions First Nat'l Bank, N.A.*

v. *Christiansen Bros*. (*In re Davidson Lumber Sales, Inc.*), 66 F.3d 1560, 1569 (10th Cir. 1995); *Palm Beach County Bd. of Pub. Instruction (In re Alfar Dairy, Inc.)*, 458 F.2d 1258, 1262 (5th Cir.), *cert. denied*, 409 U.S. 1048 (1972); *Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.)*, 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987).

The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," *id*. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." *Niagara Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.*), 41 B.R. 941, 944 (N.D.N.Y. 1984); *see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.)*, 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. *In re Whimsy, Inc.*, 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here. Accordingly, the Plan must preserve the United States' setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if . . . the plan complies with the applicable provisions of this title.")

Similarly, the Plan improperly fails to preserve recoupment rights of the United States. Article VIII.F of the Plan provides, in relevant part:

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE

CONFIRMATION ORDER, ALL ENTITIES … ARE PERMANENTLY ENJOINED … FROM ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST [the Debtors, Reorganized Company, Released Parties or Exculpated Parties]. [Plan, Article VIII.F (emphasis in original)].

A debtor's discharge does not affect recoupment. *Megafoods Stores, Inc. v. Flagstaff Realty Assocs.* (*In re Flagstaff Realty Assocs.*), 60 F.3d 1031, 1035-36 (3rd Cir. 1995) (holding that recoupment survives discharge following confirmation and implementation of chapter 11 plan even if creditor did not object to plan or seek a stay pending appeal); *see also Beaumont v. Dep't of Veteran Affairs* (*In re Beaumont*), 586 F.3d 776 (10th Cir. 2009); *Saif Corp. v. Harmon* (*In re Harmon*), 188 B.R. 421, 425 (B.A.P. 9th Cir. 1995) ("Because recoupment only reduces a debt as opposed to constituting an independent basis for a debt, it is not a claim in bankruptcy, and is therefore unaffected by the debtor's discharge."); *Lunt v. Peoples Bank* (*In re Lunt*), 500 B.R. 9, 16 (D. Kan. 2013); *Mercy Hosp. of Watertown v. New York*, 171 B.R. 490, 495 (N.D.N.Y. 1994); *Brown v. General Motors Corp.*, 152 B.R. 935, 938 (W.D. Wis. 1993) (holding right of recoupment not a claim or debt to be discharged in bankruptcy). For the same reasons stated above with respect to setoff rights, this Plan provision dispensing creditors' recoupment rights is impermissible, impairs creditors and is prejudicial to the rights of the United States.

## CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

Dated: December 14, 2020

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        DAVID C. WEISS
        United States Attorney

        ELLEN W. SLIGHTS
        Assistant United States Attorney
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, Delaware 19899-2046


        /s/ *Jason S. Greenwood*
        RUTH A. HARVEY
        RODNEY MORRIS
        JASON S. GREENWOOD
        Commercial Litigation Branch
        Civil Division
        United States Department of Justice
        P.O. Box 875
        Ben Franklin Station
        Washington D.C. 20044
        Tel. (202) 598-9190
        jason.s.greenwood@usdoj.gov

        Attorneys for the United States